### WILLIAMS v. ROBINSON.
#### No. 5720.

District Court of the United States for the District of Columbia.

April 12, 1940.

212

Joseph D. DiLeo, of Washington, D. C., for plaintiff.

Michael J. Lane, of Washington, D. C., for defendant.

LETTS, Justice.

By way of background it may be stated that the following matters transpired in sequence as related; the defendant's wife filed a suit for maintenance; the defendant filed his answer with a cross-complaint seeking an absolute divorce upon the ground of adultery, naming this plaintiff as co-respondent; in his answer to such cross-complaint this plaintiff contented himself with denying the acts of adultery with which he was charged; such maintenance cause is identified as Civil Action No. 5224, and is pending in this court.

Plaintiff brings this suit entitling his complaint as one for libel and slander. He alleges that he was libeled and slandered by the matters set up by the defendant in the cross-complaint wherein the defendant falsely and maliciously charged that this plaintiff had been guilty of adultery with the defendant's wife.

The defendant has filed no answer but moves to dismiss the complaint upon the ground that plaintiff has failed to assert his claim, if any he has, in his answer to the cross-complaint in the maintenance suit. Defendant invokes Rule 13(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, and insists that plaintiff was obliged thereunder to then assert the claim which he now brings as an independent action. It is the defendant's position that since plaintiff failed so to do by way of counterclaim he is now precluded from asserting it here.

Rule 13(a) relates to compulsory counterclaims and clearly required this plaintiff in the maintenance suit to state as a counterclaim any claim which at the time of filing his answer in the maintenance case he had against this defendant if such claim arose out of the transaction or occurrence that was the subject matter of the defendant's cross-complaint in the maintenance suit.

But one question arises for consideration: was the slander and libel of which plaintiff complains part and parcel of the transaction or occurrence that was the subject matter of the defendant's cross-complaint in the maintenance suit? The question may be otherwise stated; the defendant in his cross-complaint charged this plaintiff with specific acts of adultery; these charges were in response to the wife's complaint for maintenance; can it be said that the acts of adultery alleged and relied upon by defendant and his subsequent accusations respecting such adultery may be grouped together as one and the same transaction or the same occurrence within the meaning of the rule?

The word "transaction" has abundant use in many statutes as; requiring or permitting joinder of causes of action growing out of the same transaction; making it necessary or optional for a defendant to plead as a counterclaim a cause of action arising out of the transaction which is the subject matter of the plaintiff's suit; relating to the admissibility of evidence pertaining to personal transactions with persons since deceased; statutes of limitation and many others which the courts have had occasion to construe. As a result of judicial determination the word "transaction" as so used has acquired a well defined meaning which, if applied to Rule

13(a), will give to it the intended sense and meaning.

The decided cases indicate that the word "transaction" denotes something done; a completed action; an affair as a whole; in Craft Refrigerating Mach. Co. v. Quinnipiac Brewing Co., 63 Conn. 551, 29 A. 76, 25 L.R.A. 856, the word "transaction" is defined to mean something which has been acted out to the end. In Cheatham v. Bobbitt, 118 N.C. 343, 24 S.E. 13 it is said the word "transaction" as found in the North Carolina Code in reference to the joinder of actions is used in the sense of the conduct of finishing up an affair, which constitutes as a whole the subject of an action. A right of action for slander and one for false imprisonment of plaintiff at the time the words were uttered cannot be united in one action, under the New York Code of Civil Procedure, as being causes arising out of the same transaction; De-Wolfe v. Abraham, 151 N.Y. 186, 45 N.E. 455.

The use of the word "occurrence" in the rule in connection with the word "transaction" can serve no other purpose than to make clear the meaning of the word "transaction". An "occurrence" is defined to be a happening; an incident; or event. The word "transaction" is somewhat broader in its scope than the word "occurrence". The word "transaction" commonly indicates an act of transacting or conducting business but in the rule under consideration it is not restricted to such sense. It is broad enough to include an occurrence. It seems apt to say that the words "transaction" and "occurrence" as used in Rule 13(a) include the facts and circumstances out of which a cause of action may arise; Scarborough v. Smith, 18 Kan. 399. The words "transaction" and "occurrence" probably mean, whatever may be done by one person which affects another's rights and out of which a cause of action may arise. Whether the subject matter of opposing claims is the same requires an examination into the basic facts underlying each of them. A familiar test may be applied by inquiring whether the same evidence will support or refute the opposing claims.

It is clear that the use of the defamatory language of which plaintiff complains constituted no portion of the facts or circumstances alleged and relied on by this defendant in his cross-complaint filed in his wife's maintenance suit. There is no common point between the causes of action. The rule is in accordance with modern trend and the general prevailing policy to have the whole subject matter of any controversy settled in one action. It does not apply to causes growing out of separate transactions.

To sustain defendant's motion to dismiss would be in effect to require plaintiff to admit that there was a transaction or occurrence within the meaning of the rule, and as alleged by defendant in his cross-complaint in the maintenance suit. He makes no such admission but specifically denies the acts of adultery with which he is charged.

It follows that defendant's motion to dismiss the complaint must be overruled.