**BROWN v. FIRST NAT. BANK OF WEWOKA, OKL. (GRIMMETT, Third-Party Defendant).**

**Civ. A. No. 3327.**

United States District Court
E. D. Oklahoma.

May 9, 1953.

John W. Swinford, Oklahoma City, Okl., for plaintiff.

Criswell & Criswell, Wewoka, Okl., for defendant First Nat. Bank of Wewoka, Okl.

Hill & Godfrey, Oklahoma City, Okl., for J. Tom Grimmett.

**WALLACE, District Judge.**

The plaintiff, Winston S. Brown, brings this action against the defendant, First National Bank of Wewoka, Oklahoma, to recover certain sums paid out of an escrow account, allegedly in violation of the escrow agreement; subsequent to the filing of the original action, the defendant bank was permitted to bring in J. Tom Grimmett, as third-party defendant, for the reason that if the defendant should be found guilty of breaching the escrow agreement, the said Grimmett would in turn be liable to the defendant bank, inasmuch as the sum involved had been paid to Grimmett.[1] Grimmett, upon being brought into the suit filed a cross-claim against the plaintiff asking for a complete accounting in regard to a former partnership which existed between the plaintiff, Brown, and the third-party defendant, Grimmett:

> Rule 14(a) provides in part:[2]
>
> "The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. * * *"

The third-party defendant argues that not only are the parties litigant to the cross-claim already before the Court, that is, plaintiff Brown, and third-party defendant Grimmett, but that the escrow controversy arose out of a transaction which was an outgrowth of the partnership between the plaintiff and the third-party defendant of which the third-party defendant cross-claims for an accounting.

The Court does not believe this attempted cross-claim can be deemed to arise "out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."

The original controversy has to do with simply whether the defendant bank paid out sums of money held in escrow in violation of an escrow agreement; running hand in hand with this question is the liability, if any, of the third-party defendant to whom the defendant bank paid the proceeds from the escrow account. Should it be determined that such payments were in violation of the escrow agreement then the defendant bank obviously is entitled to assert a claim against the recipient of the funds, the third-party defendant.

Although the liberality of the Federal Rules has greatly expedited the handling of litigation between and among various parties, the reasons for permitting cross-claims under rules 13 and 14 must not be overlooked. Clearly, the object was to reduce circuity and duplicity of actions and to simplify the channels through which parties litigant could gain redress, where a joinder of actions was practicable. The restriction in rule 14(a) limiting the third-party claim against the plaintiff to claims "arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff" was placed therein to bring about a joining of causes of action which had similar or identical questions of fact involved; it was not the purpose of the rule to merely enable a single lawsuit to be converted into two.

The true principle is stated in Williams v. Robinson:[3]

---

1. The third-party defendant pleaded in substance: (1) that although admittedly the defendant bank paid the sums in question to the third-party defendant that such payments were not in violation of the escrow agreement, but were used as provided in the escrow agreement, to pay drilling expenses in connection with certain specified wells. (2) In the alternative, should the Court determine the defendant bank to be liable to the plaintiff for these sums paid to third-party defendant, the third-party defendant will save the defendant bank, the third-party plaintiff, harmless from any liability arising as a result of these payments.

2. Fed.Rules Civ.Proc. Rule 14(a), 28 U.S.C.A.

3. D.C.D.C.1940, 1 F.R.D. 211, 213. It should be noted that this case dealt with the question of whether the plaintiff was barred from bringing suit for failure to assert his claim in a previous action un-

"Whether the subject matter of opposing claims is the same requires an examination into the basic facts underlying each of them. *A familiar test may be applied by inquiring whether the same evidence will support or refute the opposing claims.*" (Emphasis supplied.)

The court in Hoosier Casualty Co. of Indianapolis, Ind. v. Fox in interpreting "transaction or occurrence" as used in rule 13(a) said:[4]

"* * * It is difficult to see how the claims could be regarded as arising out of the same occurrence or transaction when the evidence as to the one would have no factual relation to the evidence in the other. * * * In Cyclopedia of Federal Procedure (3d Ed.1951) Sec. 16.11, p. 20, the following statement appears: 'With further reference to the meaning of "transaction or occurrence" as used in Rule 13(a), it has been said that the terms include the facts and circumstances out of which a claim may arise, and *whether two claims arise out of the same transaction or occurrence depends in part on whether the same evidence would support or refute both.*'" (Emphasis supplied.)

For the third-party defendant to be permitted to cross-claim as attempted here rule 14 would need to stand for the proposition that mere identity of parties litigant authorizes the settling of any and all controversies between such parties, regardless of the difference in origin and character of the controversies.

der the "Compulsory Counterclaims" provision of rule 13(a) which provides in part: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction * * *." (Emphasis supplied.)

 Here the plaintiff has sued the bank for the sole purpose of establishing whether or not there has been a breach of an escrow agreement; the third-party defendant cannot turn this action into one of accounting in connection with a former partnership, merely because the third-party defendant finds himself involved in the suit as a recipient of the disputed escrow funds.

Plaintiff's motion to dismiss cross-claim of third-party defendant should be sustained.

Thus, although we are not dealing with rule 13(a) in the instant case, the language contained in rule 13(a) as emphasized above is almost identical with the language to be interpreted by this Court in connection with rule 14(a).

4. D.C.Mich.1952, 102 F.Supp. 214, 227. This case has to do with rule 13(a), (b) and (g) as applied in connection with an action for a declaratory judgment under 28 U.S.C.A. §§ 2201, 2202.