**UNITED FRUIT COMPANY, Plaintiff,**

v.

**STANDARD FRUIT AND STEAMSHIP COMPANY, Defendant.**

Civ. A. No. 67–703–G.

United States District Court
D. Massachusetts.

April 1, 1968.

Rowland V. Patrick, Boston, Mass., for plaintiff; William R. Hulbert, Fish, Richardson & Neave, Boston, Mass., of counsel.

Herbert P. Kenway, Kenway, Jenney & Hildreth, Boston, Mass., for defendant.

MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR INJUNCTION AGAINST ANOTHER SUIT

GARRITY, District Judge.

In this action plaintiff United Fruit Company ("United"), a New Jersey corporation, alleges unfair competition by defendant Standard Fruit and Steamship Company ("Standard"), a Delaware corporation, in the latter's use of labels on its bananas which resemble labels used by plaintiff. Jurisdiction is based on 28 U.S.C. § 1331(a).

Plaintiff filed its complaint in the present action on September 19, 1967. Thereafter, on November 6, 1967, Standard brought an action in two counts

against United and United Fruit Sales Corporation ("Sales"), a Delaware corporation and a wholly owned subsidiary of United, in the federal court for the Eastern District of Louisiana. In the first count of the Louisiana case Standard seeks a declaratory judgment under 28 U.S.C. § 2201 and the Trademark Act of 1946, 15 U.S.C. chapter 22, to the effect that Standard's labels do not infringe any valid trademark rights of United and Sales. In the second count, Standard charges United and Sales with unfair competition by means of various activities. Jurisdiction over the first count is based upon 28 U.S.C. § 1338(a), which provides that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks"; jurisdiction over the second count is based upon 28 U.S.C. § 1338(b), which provides that "the district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trademark laws." The matter is presently before this court on plaintiff's motion to enjoin defendant from further proceeding with its action in the Eastern District of Louisiana pending final determination of the present action now before this court.

■ The primary consideration is whether the counts of the Louisiana action constitute compulsory counterclaims to the present action in that each "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). This clause, together with its predecessors, has consistently been given a broad interpretation. In referring to the compulsory counterclaim provision of the old Equity Rule 30, the Supreme Court stated:

> "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. * * * Essential facts alleged by appellant [plaintiff] enter into and constitute in part the cause of action set forth in the counterclaim. That they are not precisely identical, or that the counterclaim embraces additional allegations * * * does not matter. To hold otherwise would be to rob this branch of the rule of· all serviceable meaning, since the facts relied upon by the plaintiff rarely, if ever, are, in all particulars, the same as those constituting the defendant's counterclaim.

Moore v. New York Cotton Exchange, 1926, 270 U.S. 593, at 610, 46 S.Ct. 367, at 371, 70 L.Ed. 750. And, as Professor Moore has said, "Courts should give the phrase 'transaction or occurrence that is the subject matter' of the suit a broad realistic interpretation in the interest of avoiding a multiplicity of suits." 3 Moore ¶ 13.13. Accordingly, a "transaction" which is the foundation of a plaintiff's claim is not limited to the facts therein set forth, but includes any logically related acts and conduct of the parties. Parmelee v. Chicago Eye Shield Co., 8 Cir., 1946, 157 F.2d 582, 168 A.L.R. 1130; United States for Use and Benefit of Pickard v. Southern Construction Company, 6 Cir., 1961, 293 F.2d 493.

It is clear that both counts of defendant's Louisiana action arise out of the same transaction which is the basis of plaintiff's complaint in the present action. Count I seeks a declaratory judgment that defendant's "TROPIPAC" label does not infringe the "Chiquita" trademark displayed on plaintiff's labels. The labels mentioned are the same labels which underlie the present action. Though Count I is a claim relating to trademark infringement and so involves an issue of law that is distinct from that before the court with respect to plaintiff's claim, it is clear from the law already outlined that the determination that a counterclaim is compulsory is based upon related facts and not common legal issues. In like manner, Count II of

defendant's Louisiana action alleges that United and Sales have engaged in unfair competition by means of various actions which are logically related to the actions which underlie the present action. Briefly stated, defendant claims in Count II that United and Sales have attempted by means of various labels to monopolize the color combinations suitable for banana labels, have instituted harassing litigation in a distant and inconvenient forum (presumably the District of Massachusetts), have falsely asserted (presumably in the present case) that defendant's use of its labels infringe their rights, have adopted a labelling program copied from defendant, and have attempted to deceive "the banana-buying public" into believing that any banana bearing a label has been produced by them. Each fact asserted in support of Count II is either identical, or logically related, to the facts which are the basis of plaintiff's claim. All three claims are concerned with the relative rights and liabilities of the parties in the continued use of their respective labels.

The court holds that both counts of the action brought by Standard in Louisiana are compulsory counterclaims in the present action. The court next considers whether the motion for an injunction should be allowed.

[2] The issuance or denial of an injunction against proceedings in a subsequent action in a district court is not mandatory but discretionary. However, unless there are unusual circumstances,[1] the court should apply the "general rule that the party filing later in time should be enjoined from further prosecution of

his suit." Martin v. Graybar Electric Company, 7 Cir., 1959, 266 F.2d 202, at 204. There are here no unusual circumstances requiring that the court should deviate from the general rule. The court finds, as defense counsel has conceded, that the conveniences, insofar as the parties are concerned, balance out, Louisiana being more convenient for defendant and Massachusetts being more convenient for plaintiff. Furthermore, the court finds that the witnesses in this case will be drawn from various parts of the country so that Massachusetts and Louisiana are equally convenient, or inconvenient.

■■ Another ground asserted by defendant in opposition to plaintiff's motion is that forcing it to assert its claims as counterclaims will divest this court of jurisdiction because of the lack of total diversity between the parties. However, in this defendant is in error, since it is clear that compulsory counterclaims need have no independent jurisdictional basis. Moore v. New York Cotton Exchange, supra; H. L. Peterson Co. v. Applewhite, 5 Cir., 1967, 383 F.2d 430.[2]

Accordingly, it is ORDERED[3] that the plaintiff's motion is allowed and that the defendant, its agents, servants, employees, attorneys, and all persons in active concert with them be and they hereby are enjoined from further proceeding with Civil Action No. 67–1629, Section C, filed in the United States District Court for the Eastern District of Louisiana pending final determination of the present action now before this court.

---

1. See Judge Lumbard's dissent in National Equipment Rental, Ltd. v. Fowler, 2 Cir., 1961, 287 F.2d 43.

2. Even if defendant's counterclaims were not compulsory, but permissive, such that an independent jurisdictional basis would be required, this requirement is no more

than is required of defendant's claims in the Louisiana case.

3. The plaintiff is not required to give security under Rule 65(c), Fed.R.Civ.P. See 7 Moore, Federal Practice ¶ 65.09, at 1655 (2d ed. 1955).