**8**

Preston W. GRACE, Sr., Plaintiff,

v.

UNITED FOUNDERS LIFE INSURANCE COMPANY, an Oklahoma corporation, Defendant and Third-Party Plaintiff,

v.

Thomas H. REDMOND and Bankers Acceptance Corporation, a corporation, Third-Party Defendants.

Civ. No. 70–355.

United States District Court, W. D. Oklahoma, C. D.

Aug. 2, 1971.

John B. Dudley and Peter B. Bradford, Oklahoma City, Okl., for plaintiff.

Keith McMillin, Oklahoma City, Okl., for United Founders Life Ins. Co.

Vincent Kelley, Anderson, Ind., and Charles P. Ames, Oklahoma City, Okl., for Redmond & Bankers Acceptance Corp.

ORDER

DAUGHERTY, District Judge.

Third-Party Defendant Redmond has filed a pleading entitled "Cross-Claim of Third-Party Defendants," [1] in which he seeks to assert a claim against Plaintiff Grace. Independent federal jurisdictional facts under 28 U.S.C.A. § 1332 are pleaded. Plaintiff Grace has moved to dismiss Third-Party Defendant Redmond's claim against him on the grounds that (1), no claim is stated on which relief may be granted, and (2), that the claim is improper under Rule 14(a), F.R. Civ.P., 28 U.S.C.A.

It is not necessary to consider Plaintiff's first ground as it appears that Third-Party Defendant Redmond's claim is not proper under Rule 14(a). The Rule provides in part,

"The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."

Plaintiff's suit against the Defendant and Third-Party Plaintiff is for conver-

---

1. On Motion the Court allowed an amendment so that this pleading now reads, "Counterclaim of Third-Party Defendants." Technically it is neither a cross-claim nor a counterclaim. It is simply a claim. See 6 Federal Practice & Procedure (Wright & Miller), § 1444, p. 234, § 1458, p. 310.

sion of Plaintiff's corporate stock alleged to have been placed in escrow with the Defendant. Third-Party Defendant Redmond's claim against the Plaintiff is for damages said to have resulted from the failure of a certain merger of companies to materialize. The claim of Redmond against the Plaintiff does not connect the alleged conversion with the alleged failure of the merger in any way. No showing is made that Redmond's claim against the Plaintiff arose out of the transaction or occurrence which is the subject matter of Plaintiff's simple conversion claim. On this record, the Court cannot conclude that Third-Party Defendant Redmond's claim against Plaintiff Grace arises out of the conversion which is the subject matter of Plaintiff's Complaint.[2] The said claim is therefore not within Rule 14(a), is improperly made and should be dismissed.[3]

See also D.C., 53 F.R.D. 14.

---

2. An analogous case is Brown v. First Nat. Bank of Wewoka, Okl., 14 F.R.D. 339 (D.C.Okl.1953).

3. Redmond's assertion that he proceeds against Plaintiff under Rule 13(b), F.R. Civ.P., 28 U.S.C.A. is without merit.

He is in the case by virtue of third-party practice and therefore proceeds against Plaintiff under Rule 14, F.R.Civ. P., 28 U.S.C.A. See 6 Federal Practice & Procedure (Wright & Miller), § 1458, p. 310.