**Howard D. HENDRICKSON and Marilyn J. Hendrickson, Plaintiffs, Appellants,**

**v.**

**Clark S. SEARS, Defendant, Appellee.**

**No. 73–1210.**

United States Court of Appeals, First Circuit.

Heard Nov. 5, 1973.

Decided April 30, 1974.

---

Daniel J. Gleason, Boston, Mass., with whom Nutter, McClennen & Fish, Boston, Mass., was on brief, for plaintiffs, appellants.

Vincent Galvin, Boston, Mass., with whom Robert B. Smith and Galvin, Smith & Nordlinger, Boston, Mass., were on brief, for defendant, appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

PER CURIAM.

This suit, based on diversity jurisdiction, was instituted in the district court on October 27, 1971 to recover damages incurred as a result of an erroneous title certification in April of 1961, which failed to note a recorded easement, provided by the defendant as attorney for the plaintiffs. The complaint was dismissed on the grounds that applying either the six year statute of limitations applicable to actions in contract, M.G.L. ch. 260 § 2, or the two year statute applicable to actions in tort, M.G.L. ch. 260 § 2A, the suit was time barred. The district court relied on Pasquale v. Chandler, 350 Mass. 450, 215 N.E.2d 319 (1966), holding that in a medical malpractice suit, the cause of action accrues on the date of the act of malpractice. On appeal, the single issue is a question of first impression in Massachusetts law: Does a client's cause of action against an attorney for negligent certification of title to real estate "accrue" for purposes of M.G.L. ch. 260 § 2A, at the time the certification was given, at the time of discovery of the misrepresentation, or at the time when any misrepresentation should reasonably have been discovered?

Pursuant to Rule 3:21 of the Supreme Judicial Court of Massachusetts, we certified the above stated question to that court for a definitive ruling of law. In its opinion of April 8, 1974 the Supreme Judicial Court ruled that "the cause of action does not accrue until the misrepresentation is discovered or should reasonably have been discovered, whichever first occurs." Hendrickson v. Sears, Mass. (1974), 310 N.E.2d 131. The court further indicated that "[W]here as here the alleged defect in the certified title is a recorded easement . . . [it] is 'inherently unknowable' to the client unless he duplicates the attorney's title search." Id. at 136. The Court was not called upon to answer whether the appropriate limitations section is § 2 or § 2A.

Here the complaint was filed within two years of date of discovery, June 15, 1970, and was therefore within the limitations period under either § 2 or § 2A. Whether the misrepresentation, though "inherently unknowable", should reasonably have been discovered earlier, and, if so, whether the limitations period of § 2 or § 2A should apply, we leave to the district court. It is in any event now clear that the complaint was erroneously dismissed.

The order of the District Court is therefore reversed and the cause is remanded for further proceedings.