**BOSE CORPORATION, Plaintiff,**

v.

**CONSUMERS UNION OF the UNITED STATES, INC., Defendant.**

**Civ. A. No. 71–481–J.**

United States District Court,
D. Massachusetts.

Oct. 22, 1974.

Charles Hieken, Waltham, Mass., for plaintiff.

Marvin M. Karpatkin, New York City, for defendant.

## CERTIFICATION ORDER

JULIAN, Senior District Judge.

Bose Corporation commenced this action on February 23, 1971. Pursuant to orders of this Court, an amended complaint was filed June 14, 1972, the amended complaint was itself amended on February 1, 1973, and plaintiff's Consolidated Complaint (Amended) was filed October 15, 1973. The present complaint alleges unfair competition and a cause of action under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

Consumers Union answered on March 1, 1974. The answer states two counterclaims based upon the court's diversity jurisdiction. The first counterclaim alleges that the February 23, 1971 complaint and a Bose press release on the same day defamed plaintiff. It also alleges that the complaint was not filed to obtain redress but solely to subject Consumers Union to embarrassment, contempt and ridicule, and to injure Consumers Union and its reputation. The defamatory material allegedly gained wide circulation and was reprinted as late as April 1971. The second counterclaim realleges all allegations contained in the first. It further alleges that Dr. Bose, the Chairman of the Board of Bose Corporation, acting on behalf of the corporation, defamed plaintiff in an interview with a correspondent of a magazine in March 1971. It is further alleged that a story based on the interview and repeating much of the alleged defamation was published in March 1971.

The case is before the Court on plaintiff's motion to dismiss the counterclaims as barred by the statute of limitations. F.R.Civ.P. 12(b)(6). Argument on the motion was scheduled to be heard March 27, 1974. A hearing was held.

The applicable statute of limitations is that of Massachusetts. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Brown v. Great Am. Indem. Co., 298 Mass. 101, 104, 9 N.E.2d 547 (1937); Clarke v. Pierce, 215 Mass. 552, 553, 102 N.E. 1094 (1913). M.G.L.A. c. 260, § 4, in pertinent part states that "actions for . . . slander, libel . . . shall be commenced only within two years next after the cause of action accrues." The counterclaims for defamation, therefore, are barred unless operation of the statute of limitations was suspended.

The first question is whether the counterclaims are compulsory or permissive under F.R.Civ.P. 13(a), (b). The case most closely in point is Williams v. Robinson, 1 F.R.D. 211 (D.D.C.1940). In *Williams*, W had filed suit for maintenance. H answered and counterclaimed for divorce upon the ground of adultery, naming X as co-respondent. X answered and denied the acts of adultery. X then sued H for libel and slander, alleging he was defamed by the allegations of adultery. Both actions were brought in federal court. H moved to dismiss X's complaint for failure to assert the claim as a compulsory counterclaim under F.R.Civ.P. 13(a) in answer to H's

counterclaim in the maintenance suit. The court asked, "[C]an it be said that the acts of adultery alleged and relied upon by defendant and his subsequent accusations respecting such adultery may be grouped together as one and the same transaction or the same occurrence within the meaning of the rule?" *Id.*, at 212. To answer this query the court applied the standard: "whether the same evidence will support or refute the opposing claims." *Id.*, at 213. The court ruled that the "defamatory language of which plaintiff complains constituted no portion of the facts or circumstances alleged and relied on by" H in his divorce action. *Id.* The court held that X was not obliged to assert his defamation claim as a Rule 13(a) compulsory counterclaim in the divorce suit and overruled the motion to dismiss X's complaint.

Application of the standard expounded by the *Williams* court to the instant case reveals that the counterclaims are permissive. In fact, the sole significant distinguishing factor between *Williams* and this case strengthens the conclusion that the counterclaims are permissive. In *Williams* the pleadings in the divorce action allegedly were defamatory. The defendant herein asserts it was defamed not only by the original complaint, but also by a press release and in an interview given by Dr. Bose. The allegedly defamatory press release and interview are even more remote from the transaction or occurrence that is the subject matter of the plaintiff's complaint than are the allegations of plaintiff's original complaint concerning the transaction or occurrence.

While courts have utilized the *Williams* standard, *e. g.*, Keyes Fibre Co. v. Chaplin Corp., 76 F.Supp. 981 (D.Me.1947), different standards by which the compulsory or permissive nature of counterclaims can be determined have also been

used. See 6 Wright & Miller, Federal Practice and Procedure: Civil § 1410 (1971). In Connecticut Indem. Co. v. Lee, 168 F.2d 420 (1 Cir. 1948),[1] the court held that a claim arose out of the same transaction as the main action because "the same factual and legal issues are involved." *Id.*, at 423. A third standard is: a counterclaim is compulsory if a defendant who fails to plead the counterclaim will be barred by res judicata from asserting the claim in a later suit against the plaintiff. *E. g.*, Libbey-Owens-Ford Glass Co. v. Sylvania Indus. Corp., 154 F.2d 814, 818 (2 Cir.) (Frank, J., dissenting), cert. denied, 328 U.S. 859, 66 S.Ct. 1353, 90 L.Ed. 1630 (1946); Beach v. KDI Corp., 490 F.2d 1312, 1321 n. 16 (3 Cir. 1974). The final standard characterizes as compulsory any counterclaim which is logically related to the plaintiff's claim. United Fruit Co. v. Standard Fruit & S. S. Co., 282 F.Supp. 338, 339 (D.Mass.1968); cf. Moore v. New York Cotton Exch., 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750 (1926); Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974).

In this case the issues of fact and the issues of law raised by the claims and counterclaims are significantly dissimilar. For example, the issue of publication of the alleged defamation and the facts necessary to prevail thereon, while essential to the counterclaims, are not material to the plaintiff's claims. The proof of an action for unfair competition or an action under the Lanham Act varies sharply from the proof necessary to recover for defamation. Judgment on the plaintiff's claims would not operate as res judicata in a suit asserting that the language used in the February 23, 1971 complaint, the press release and Dr. Bose's interview defamed the defendant. Therefore, unless this Court applies, and the counterclaims satisfy, the "logical relation"

---

1. Although the case is unclear, it appears to involve a cross claim under F.R.Civ.P. 13(g) rather than a counterclaim. The same criterion, i. e., whether the claim arises out of the transaction or occurrence, is applied to determine when a cross claim may be pleaded as is applied to determine when a counterclaim must be pleaded.

standard, the counterclaims are permissive.

The cases which apply the "logical relation" standard provide minimal guidance for its application to other cases, since the standard "is accompanied by some uncertainty of application and a potentially overbroad scope—in many ways it tries to be all things to all men." 6 Wright & Miller, Federal Practice and Procedure: Civil § 1410 at 47. The "logical relation" standard is too vague to be applied satisfactorily in this case; the claims and counterclaims are too dissimilar. Cf. Roberts v. National School of Radio & Television Broadcasting, 374 F.Supp. 1266 (M.D.Ga. 1974). The allegedly defamatory language constitutes no part of the transaction or occurrence of which the plaintiff complains. F.R.Civ.P. 13(a).

■ This Court holds that the counterclaims for libel based upon the original complaint, the press release and the interview are permissive. F.R.Civ.P. 13(a), (b); Williams v. Robinson, 1 F.R.D. 211 (D.D.C.1940); see Fowler v. Sponge Prods. Corp., 246 F.2d 223, 227 (1 Cir. 1957); Autographic Register Co. v. Philip Hano Co., 198 F.2d 208, 210–212 (1 Cir. 1952); Marks v. Spitz, 4 F.R.D. 348, 350 (D.Mass.1945); see also Dindo v. Whitney, 451 F.2d 1, 2 (1 Cir. 1971); Connecticut Indem. Co. v. Lee, 168 F.2d 420 (1 Cir. 1948); United Fruit Co. v. Standard Fruit & S. S. Co., 282 F.Supp. 338 (D.Mass.1968).

■ The counterclaims can be read to allege malicious abuse of process. The analysis is similar to the analysis concerning defamation; the counterclaims are permissive and are barred unless operation of the statute of limitations was suspended. The counterclaims also can be read to assert a claim for malicious prosecution of a civil action. Such a claim is premature; the defendant must, and cannot, allege a favorable termination of this suit if it is to proceed on a theory of malicious prosecution. Dangel v. Offset Printing, Inc., 342 Mass. 170, 172 N.E.2d 610 (1961).

The second question, therefore, is whether, as a matter of state law, the filing of a complaint suspends the running of the statute of limitations against permissive counterclaims which are pleaded in the answer under F.R.Civ.P. 13(b), and which accrued at the time of the filing of the complaint or thereafter, but before the answer was filed.

■ This question appears never to have been decided by the Supreme Judicial Court of Massachusetts. In Hendrickson v. Sears, 495 F.2d 513 (1 Cir. 1974), the district court, 359 F.Supp. 1031, had ruled that a cause of action against an attorney for negligent certification of a real estate title arises on the date of the act of malpractice and that the statute of limitations had run. To reach this result the district court relied on a state court decision which held that, in a medical malpractice suit, the cause of action arose on the date of the act of malpractice. On appeal the First Circuit did not decide the state law issue, instead it certified a question concerning the time of accrual of the cause of action to the state court. The state court held the cause of action does not accrue "until the misrepresentation is discovered or should reasonably have been discovered, whichever first occurs." Hendrickson v. Sears, 310 N.E.2d 131, 136 (Mass.1974). The First Circuit, therefore, reversed the district court.

As in Hendrickson v. Sears, the present issue is whether claims are barred by the statute of limitations. If this issue is resolved against the defendant, it will be determinative of the defendant's causes of action stated in the counterclaims. Because this issue may be determinative of the counterclaims and since this case is closely analogous to Hendrickson v. Sears, the Court has decided to exercise its discretion, Lehman Bros. v. Schein, 416 U.S. 386, 390–391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974), and certify, on its own motion, a question of law to the Supreme Judicial Court pursuant to Rule 3:21 of that court. See Hiram Ricker & Sons v. Students Int'l Medita-

**604**

tion Soc'y, 501 F.2d 550, 557–558 (1 Cir. 1974).

The question of state law which this Court desires to certify is:

Does the filing of a complaint suspend the running of the statute of limitations against permissive counterclaims which are pleaded in the answer under F.R.Civ. P. 13(b), and which accrued at the time of the filing of the complaint or thereafter, but before the answer was filed?

The Clerk of this Court is *ordered* to forward, under official seal, this certification order to the Supreme Judicial Court of Massachusetts and simultaneously to transmit copies hereof to the attorneys for the parties. The Clerk is also directed to forward to the Supreme Judicial Court the original or copies of all or of any portion of the record which that court might hereafter request pursuant to its Rule 3:21, § 4.