Welford **WIGGLESWORTH**, Jr.

v.

**TEAMSTERS LOCAL UNION NO. 592 and William A. Hodson.**

**Civ. A. No. 74–0524–R.**

United States District Court, E. D. Virginia, Richmond Division.

Sept. 23, 1975.

---

Melvin R. Hughes, Jr., Richmond, Va., for plaintiff.

Jay J. Levit, Richmond, Va., for defendants.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

Plaintiff Welford Wigglesworth, Jr., a member of Teamsters Local Union No. 592, has filed a complaint under the Labor Management Reporting Disclosures Act, "Act," 29 U.S.C. § 401 et seq., alleging that the union and its president have violated certain of his rights as protected by the Act. Specifically, the complaint avers that during meetings of defendant Local No. 592 held on 8 September 1974 and 13 October 1974, plaintiff was prevented from exercising his

right to freedom of speech, and was denied his request to have the union membership informed of their rights as required by the Act.

In addition to denying generally the allegations in the complaint, defendants asserted a counterclaim alleging the following: On 3 December 1974, the day on which the complaint was filed, plaintiff called a press conference at which he accused the union of being dominated by the "Mafia" and that a certain past local union election had been "fixed." Defendants claim that these remarks constituted libel and slander. The counterclaim further alleges that plaintiff maliciously misused and abused the processes of law by maintaining the instant lawsuit for wholly vindictive and wrongful purposes.

The matter is now before the Court on plaintiff's motion to dismiss the counterclaim, *inter alia,* for lack of subject matter jurisdiction. There is no diversity of citizenship between the parties, and jurisdiction is founded solely on 29 U.S.C. § 412.

■ Defendants' initial contention is that the motion to dismiss for lack of of subject matter jurisdiction is untimely and should therefore be denied. However, Rule 12(h)(3), Fed.R.Civ.P. plainly states that challenges to the Court's subject matter jurisdiction may be raised at any time, and the cases have consistently so held. See *Television Reception Corporation v. Dunbar,* 426 F.2d 174 (6th Cir. 1970); *United States v. Heyward-Robinson Co.,* 430 F.2d 1077 (2nd Cir. 1970). Therefore, the defendants' claim of untimeliness is without merit.

■ Defendants' counterclaim was filed pursuant to Rule 13, Fed.R.Civ.P. which distinguishes between "compulsory" and "permissive" counterclaims. If the defendants' claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim,

then, if certain other requisites not here pertinent, are met, it is compulsory. By definition, compulsory claims are "ancillary to the claim asserted in the complaint and [sic] no independent basis of [f]ederal jurisdiction is required." *United States v. Heyward-Robinson Co., supra* at 1081. Alternatively, if the counterclaim is unconnected with the transaction out of which the primary claim arose, it is permissive, and independent jurisdictional grounds are required. *Lesnick v. Public Industrials Corp.,* 144 F.2d 968 (2d Cir. 1944).

The threshold question to be decided is whether defendants' counterclaims arise out of the same transaction or occurrence that is the subject matter of the plaintiff's claim. If so, then the counterclaims are compulsory, and are properly before the Court. Thus, the definition of "transaction or occurrence" is critical to this determination.

There is a substantial body of law which liberally defines the test of compulsoriness as requiring that there be not so much "an absolute identity of factual backgrounds for the two claims, but only a logical relationship between them." *United Artists Corp. v. Masterpiece Productions,* 221 F.2d 213, 216 (2d Cir. 1955). In *Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926), the Supreme Court explained that " '[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."

Defendants maintain that under this liberal test, their counterclaims meet the criteria set forth for compulsoriness, and therefore are properly within the Court's ancillary jurisdiction. We must disagree.

■ The gravamen of plaintiff's claim is that he was denied his right to free speech and expression at certain past union meetings. Thus, the claim

arises solely from the alleged wrongful conduct on the part of the union at the specific union meetings in question. Determination of the validity of that claim is limited to ascertaining whether the challenged union meetings were conducted in conformity with the mandates of the Act. However, defendants' counterclaim for libel and slander is predicated on events which are in no wise part of the transactions or occurrences which gave rise to plaintiff's claim. This aspect of the counterclaim is grounded on words allegedly spoken by plaintiff many months after the union meetings in question. There is no indication that the alleged remarks at the press conference on 3 December 1974 had any relationship, logical or otherwise, to the events which transpired at certain past union meetings.

On issues of law almost identical to those presented here, the Court in *Bose Corp. v. Consumers Union of the United States, Inc.*, 384 F.Supp. 600 (D.C.Mass. 1974) found defendant's counterclaims to be permissive. In *Bose,* the complaint alleged unfair competition and violations of the Lanham Act. The defendant filed a counterclaim for malicious abuse of process and for defamation arising out of the filing of the complaint and the issuance of a press release on the same day. Although the issue to be decided was whether the counterclaims were barred by the statute of limitations, the resolution necessarily turned on whether the claims were compulsory or permissive. After an extensive analysis of the various standards which have been employed to ascertain the nature of a counterclaim, the Court, citing *Williams v. Robinson,* 1 F.R.D. 211 (D.D.C.1940), based its determination on whether the same evidence would support or refute the opposing claims. If the same evidence would substantially dispose of the issues raised by the opposing claims, then the counterclaims were compulsory; if not, then they were permissive.

After observing that the issues of law and fact raised by the opposing claims were significantly dissimilar, the Court in *Bose* determined that application of the "same evidence" standard revealed that the counterclaims for libel and malicious abuse of process were permissive.

Applying the *Bose* standard to the facts of this case, a like conclusion seems inescapable. The evidence necessary for the union to prevail on its libel and slander claims is not relevant to plaintiff's case. Alternatively, the proof of violations by the union under the L.M.R.D.A. varies substantially from that necessary to recover for libel and slander. Similarly, proof of plaintiff's willful abuse of process with resulting damage to the union is quite distinct from that necessary to establish an infringement of plaintiff's rights under the federal statute.

There being no connection between the events giving rise to the counterclaims asserted by defendants, and the transaction or occurrence upon which plaintiff's claim is based, the Court holds that the counterclaims are permissive. Noting that such claims are between non-diverse parties, and are grounded solely in state law, the Court observes that they are without independent jurisdictional support, and must therefore be dismissed, unless falling within an exception to the jurisdictional requirement.

Defendants next argue that even if the counterclaim is determined to be permissive and without independent federal jurisdictional support, it qualifies as a valid set-off which can be asserted defensively to defeat or diminish plaintiff's recovery. If defendants' counterclaims so qualify, then they constitute an exception to the permissive counterclaim jurisdictional requirement, and no independent jurisdictional basis is necessary. *Fraser v. Astra Steamship Corp.,* 18 F.R.D. 240 (S.D.N.Y.1955).

In *Marks v. Spitz*, 4 F.R.D. 348 (D.C.Mass.1945) the Court defined a set-off as ". . . a counter-demand which a defendant has against the plaintiff arising out of a transaction extrinsic to that out of which the primary claim arose." However the Court went on to point out that in order for a counterclaim to qualify as a valid set-off, "[t]he claim must be liquidated or capable of liquidation and grow out of a contract or judgment," *supra* at 350. See *Kaiser Aluminum & Chemical Sales, Inc. v. Ralston Steel Corp.*, 25 F.R.D. 23 (N.D.Ill.1959). The possible damages allegedly resulting from the counterclaims are not liquidated nor capable of liquidation without the aid of an extensive trial. Furthermore, the counterclaims do not grow out of contract or judgment, but rather are both based on tort.

Thus, the defendants' claims are without the set-off exception and must fail absent an alternative jurisdictional basis.

Finally, defendants urge that the judicial power to hear and decide the counterclaims exist in the Court's pendent jurisdiction. As authority for this suggestion, defendants cite *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, without endeavoring to determine if pendent jurisdiction even extends to counterclaims involving matters of state law wholly extrinsic to the plaintiff's claim, the Court recognizes that the jurisdictional doctrine is discretionary in nature. Thus, in consideration of the dissimilarity between the claims of the opposing litigants together with a like disparity between the operative facts from which the respective claims arise, the Court elects not to exercise its power, if such it has, of pendent jurisdiction over defendants' counterclaims.

Accordingly, plaintiff's motion to dismiss the counterclaims will be granted.