**Rosanna G. PINKHAM, Plaintiff,**

v.

**Howard M. PAUL, Defendant.**

**Civ. No. 80–1092–B.**

United States District Court,
D. Maine.

Oct. 19, 1981.

N. Laurence Willey, Jr., Brewer, Me., Kevin M. Cuddy, Bangor, Me., for plaintiff.

David C. King, Bangor, Me., for Howard Paul.

Burton G. Shiro, Waterville, Me., for Gloria Paul.

## MEMORANDUM AND ORDER DENYING MOTION TO RECONSIDER

CYR, District Judge.

On October 13, 1981, the court issued a protective order determining it an undue burden upon Howard M. Paul and Gloria Paul that they be deposed in Bangor, Maine. On October 14, 1981, plaintiff challenged the protective order and requested reconsideration. After due deliberation, the request is declined.

*FACTS*

On May 20, 1980, plaintiff, a Maine resident, filed this diversity action, alleging negligence by Howard M. Paul with regard to a motor vehicle collision which occurred August 12, 1978 in Bar Harbor, Maine. On September 24, 1981, David King, Esquire filed an answer to this complaint on behalf of Mr. Paul.

On November 14, 1980, Burton Shiro, Esquire filed a complaint in this court on behalf of Gloria and Howard M. Paul alleging negligence by Rosanna G. Pinkham in the same accident which was the basis of the Rosanna Pinkham complaint.

On February 4, 1981, Mr. Paul, through Burton Shiro, Esquire, moved to amend the answer to plaintiff's complaint, so as to assert a counterclaim against plaintiff on behalf of Gloria and Howard Paul. Attached to the motion was a consent "to the filing of a counterclaim by Gloria and Howard Paul," signed by plaintiff's attorney and by defendant's attorneys, David King and Burton Shiro. A letter accompanying the motion indicates that the counterclaim was being asserted to "take the place of the complaint filed by the Pauls on November 13, 1980."

On February 4, 1981, the motion to amend was granted without objection, and plaintiff filed an answer to the counterclaim.

On February 9, 1981, the parties to the Pauls' complaint stipulated to its voluntary dismissal.

On July 9, 1981, plaintiff's attorney notified the Shiro firm that he wished to take oral depositions of Mr. and Mrs. Paul on July 29, 1981 at 10:00 a. m. in Bangor, Maine.

On July 15, 1981, Burton Shiro, Esquire objected to the time and place of the depositions on the ground that it would be an extreme hardship for the Pauls, who reside in Hingham, Massachusetts, to come to Bangor, Maine. Mr. and Mrs. Paul filed a motion for a protective order on July 20, 1981.

The Pauls contend that, under Rule 45(d)(2), they may only be required to attend depositions in the county in which they are served or within 40 miles thereof or some other convenient place fixed by the court. Plaintiff contends that both Mr. and Mrs. Paul, as parties, are not subject to the requirements of Rule 45(d)(2), and further states that since the Pauls voluntarily elected to submit themselves to the jurisdiction of this court by bringing their separate action, they are in essence parties plaintiff who should present themselves to be deposed at the place they have selected for trial.

*THE LAW*

A notice for the taking of a deposition sent to all parties to an action is all that is necessary to require attendance of *parties* at their depositions. "Though the rules do not say so expressly, a subpoena is not necessary if the person to be examined is a party." Wright and Miller, *Federal Practice and Procedure: Civil*, § 2107. Thus, the provisions of Rule 45(d)(2) as to where a deposition may be taken are not applicable to depositions of parties. *See* 4A *Moore's Federal Practice* ¶ 30.55[1], at 30–67; 5A *Moore's Federal Practice* ¶ 45.08, at 45–81 & ¶ 45.07[1], at 45–60. An "examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place." Wright and Miller, *supra*, at § 2112.

While the court may order a defendant to appear at any convenient place, case law indicates that "it will be presumed that the defendant will be examined at his residence or place of business or employment." 4 *Moore's Federal Practice* § 26.70[1–3], at 26–514. This is so regardless of whether the defendant has asserted a counterclaim, provided it is a *compulsory* counterclaim. *See Continental Federal Savings and Loan Association v. Delta Corporation of America,* 71 F.R.D. 697, 700 (W.D.Okl.1976). Likewise, a necessary party to a compulsory counterclaim should be considered in the same position as a defendant and be examined only at his residence or place of employment.

Mr. and Mrs. Paul should not be considered in the same position as parties plaintiff. Mr. Paul was sued in Maine. Through some inadvertence, due to the fact Mr. Paul was represented by two attorneys, what clearly should have been asserted as a counterclaim was instead initially asserted in a separate action. However, the parties later stipulated to the dismissal of the second action and to the amendment of the initial complaint. The actions were not consolidated under Fed.R.Civ.P. 42.

Mrs. Paul was properly joined as a necessary party to Mr. Paul's counterclaim since she claims an interest relating to the subject matter of the action which would be prejudiced in her absence. *See* Fed.R.Civ.P. 13(h) & 19. The counterclaim is compulsory since (1) it arose out of the occurrence which is the subject matter of the plaintiff's complaint; (2) it does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction; and (3) it was not, at the time the original action was commenced, the subject matter of another pending action.

Since one party the plaintiff seeks to depose is a defendant asserting a compulsory counterclaim and the other is a necessary party joined in a compulsory counterclaim, both should be considered to be in the same position as ordinary defendants and be examined only at their residence or places of employment, absent some unusual circumstance of which the court has not been made aware in this case.