**FORTUNE MANAGEMENT, INC.,** Fortune, Underwriters, Inc., Fortune Planning Group, Inc., and Fortune Capital, Inc., Plaintiffs,

v.

**James C. BLY and Blyco, Defendants.**

**Civ. A. No. 86–3255–WF.**

United States District Court,
D. Massachusetts.

May 20, 1987.

Gary M. Feldman and Peter J. Pingitore, Looney & Grossman, Boston, Mass., for plaintiffs.

Norman Berman, Berman, DeValerio & Pease, Boston, Mass., for defendants.

### ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

JOYCE LONDON ALEXANDER,
United States Magistrate.

The instant motion arises from a civil action maintained by Fortune Management, Inc. and its wholly-owned subsidiaries against the defendants James C. Bly and Blyco. Plaintiffs' complaint states claims for breach of an employment contract, breach of an assignment and assumption agreement, conversion, breach of fiduciary duty, unjust enrichment, and violations of Mass.Gen.Laws Ann. ch. 93A, § 2 (West 1984). Defendants have counterclaimed for breach of contract (two counts), abuse of process, violations of Mass.Gen.Laws Ann. ch. 93A, § 2 (West 1984), and tortious interference.

Defendants move this Court for entry of a protective order, pursuant to Fed.R. Civ.P. 26(c)[1], vacating the notice of deposition of defendant James C. Bly that was served by plaintiffs on January 30, 1987 and that was scheduled for February 19, 1987.[2] Defendants seek a protective order because of a conflict with plaintiffs over where the deposition of defendant Bly should take place.

Both defendants are residents of Virginia and conduct their business in Virginia. Defendants contend that the deposition of defendant Bly should, therefore, be taken in Virginia or Washington, D.C. Defendants assert that case law indicates that a defendant should be examined at his residence or his place of business or employment and that the proper place to take the deposition of an officer of a corporate defendant is the location of its corporate offices or where said officer resides.[3]

Plaintiffs respond that defendants have filed permissive counterclaims in the instant action and, as a result, the defendants-counterplaintiffs must be treated as party plaintiffs for purposes of any depositions. Plaintiffs assert that case law indicates that the proper forum for the deposition of the plaintiff is the forum in which the action is pending.

None of the parties to the instant dispute deny that, in general, the defendant in an action should be examined at his or her residence or place of business or employment. *See Pinkham v. Paul*, 91 F.R.D. 613, 615 (D.Me.1981); *Horenstein v. Gulf Oil Corp.*, 20 F.R.Serv.2d 1258, 1261 (D.Mass.1975). All sides also concede that the filing of a permissive counterclaim results in a defendant-counterplaintiff being treated as a party plaintiff for purposes of any depositions, *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D.Ill.1982), and that, in general, the principle that the deposition of a defendant should be taken at his or her residence or place of business holds true when a compulsory counterclaim is filed. *Pinkham, supra* at 615. The point of contention is over whether all or some of the counterclaims filed in this suit are permissive or compulsory.

Fed.R.Civ.P. 13(a) states that a counterclaim is compulsory if (1) it arose out of the "transaction or occurrence that is the subject matter of the opposing party's claim"; (2) it does not require for its adjudication the presence of third parties over whom

---

1. Fed.R.Civ.P. 26(c) states, in pertinent part:
   Upon a motion by a party ... and for good cause shown ... the court in which the action is pending ... may make any order which justice requires ... including one or more of the following: ... (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place.

2. The deposition did not go forward on that date and has not been rescheduled. Defendants'

Motion for a Protective Order (#40) was filed on February 10, 1987.

3. Although the notice of deposition named defendant Bly individually and not as president and founder of defendant Blyco, defendants argue that there is no doubt that the questioning which would occur at said deposition would involve defendant Bly's knowledge of defendant Blyco's policies and business and would require the production of Blyco's supporting documents.

the court cannot acquire jurisdiction; and (3) it was not, at the time that the original action was commenced, the subject matter of another pending litigation.

In construing the requirement that a compulsory counterclaim arises out of the same transaction or occurrence as the claim of an opposing party

courts have given the terms 'transaction' and 'occurrence' contained in Rule 13(a), *supra,* flexible and realistic construction in order to effect 'judicial economy', i.e., trial in one action of all related controversies between the parties and, of course the avoidance of multiplicity of suits. (citations omitted).

*Pipeliners Local Union No. 798, Tulsa, Okla. v. Ellerd,* 503 F.2d 1193, 1198 (10th Cir.1974).

The Supreme Court has given the rule's operative terms, "transaction or occurrence" broad meaning: they "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926). This standard's potentially overbroad scope and uncertainty of application have been noted however, *Bose Corp. v. Consumers Union of United States, Inc.,* 384 F.Supp. 600, 603 (D.Mass.1974), and courts have proposed standards or guidelines by which the compulsory or permissive nature of specific counterclaims may be determined: (1) Are the issues of fact and law raised by the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim? and (4) Is there any logical relationship between the claim and counterclaim? *See* C. Wright & A. Miller, 6 *Federal Practice and Procedure,* § 1410 (1971) and cases cited therein. The fourth standard listed above has been recognized as the one compelling test of compulsoriness. *See* C. Wright, *The Law of the Federal Courts,* 529 (4th ed. 1983).

In the instant case, the only connection between plaintiffs' claims and the counterclaims asserted by defendants is that they involve the breach of the same employment contract and assignment and assumption agreement. Defendants allege in counterclaims III, IV, and V that by bringing the instant action, the plaintiffs have committed certain tortious actions. These counterclaims fail to meet all four standards outlined above.

Defendants contend that the complaint and counterclaims are inextricably related because they are linked to the same contract and agreement. Where the respective claims of parties are based on entirely different alleged breaches of the same contract, however, a defendants' counterclaim may be seen as permissive. *See Continental Federal S & L Association v. Delta Corp.,* 71 F.R.D. 697 (W.D. Okl.1976). In this case, the Court finds that the contractual issues underlying the original complaint are far enough removed from the issues raised by defendants' counterclaims—including motivational issues—that counterclaims III, IV, and V are not compulsory within the meaning of Fed.R. Civ.P. 13(a). There is no logical relationship between the complaint and counterclaims, but merely an attenuated connection.

Since the defendant plaintiffs seek to depose is a defendant asserting permissive counterclaims, defendant Bly should be considered to be in the same position as a plaintiff for the purposes of the subject deposition. Accordingly, Defendants' Motion for a Protective Order is hereby DENIED.