**CONTINENTAL FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation, Plaintiff,**

v.

**DELTA CORPORATION OF AMERICA, a corporation, Defendant.**

No. CIV–75–0630–D.

United States District Court
Western Dist. of Oklahoma,

May 13, 1976.

Order on Motion for Videotape Recordation of Deposition June 4, 1976.

John T. Spradling, George S. Corbyn, Jr., Stephen P. Friot, Oklahoma City, Okl., for plaintiff.

Jack L. Freeman, David N. O'Brien, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is a breach of contract action arising from an agreement between the parties in regard to financing mobile homes. Plaintiff is a lending institution and Defendant appears to be engaged in the business of providing various services in regard to loans on mobile homes. Plaintiff brought the action alleging Defendant breached the agreement between the parties by failing to provide services pursuant to same. After the case was at issue and shortly before it was set for trial, Defendant was permitted to assert a Counterclaim based on an alleged breach of the agreement between the parties by Plaintiff. It is asserted in said Counterclaim that Plaintiff was obligated by the agreement to pay Defendant service fees on all mobile home loans made by Plaintiff during a certain time period and it is alleged Plaintiff made a large number of said loans during such period on which service fees were not paid Plaintiff, thus breaching the agreement. Defendant asserts it sustained monetary damages from the alleged breach of Plaintiff.

On April 6, 1976, Plaintiff filed a Notice to Take Deposition and Request for Production of Documents in which Defendant corporation was designated as the deponent and in which it was requested that Defendant designate one or more of its officers, managing agents or other persons to testify as to specified matters in accordance with the procedures outlined in Rule 30(b)(6), Fed.Rules Civ.Proc. Said notice stated said deposition was to be taken in Oklahoma City, Oklahoma, on April 28, 1976. Documents related to the matters specified were also requested to be furnished at the time of said deposition.

Defendant following the receipt of said Notice filed an Objection to the Taking of Deposition of the Defendant in Oklahoma City, Oklahoma. Plaintiff thereafter filed a pleading entitled Rule 37(a) Motion of Plaintiff for Order Compelling Dis-

covery. Defendant thereafter filed a Motion for Protective Order Under Rule 26(c). All of said Motions are supported by briefs and all contain certificates required by Local Rule 13(d) that the parties have conferred in good faith in an attempt to resolve this discovery dispute and have been unable to resolve their differences. All three aforementioned pleadings relate to whether Defendant's officers or agents must appear for deposition in Oklahoma City, Oklahoma, in this action. It would appear that the proper pleadings should have been the filing originally by Defendant of a Motion for a Protective Order pursuant to Rule 26(c) with the Plaintiff possibly filing a Response thereto. The Court will consider the matters before it on this basis.

Defendant is a Florida corporation with its principal offices in Jacksonville, Florida. Defendant contends the requested depositions should be taken in Jacksonville, Florida. It asserts it has voluntarily submitted one of its officers in Oklahoma City, Oklahoma, for discovery purposes and that the additional discovery sought herein would constitute an undue burden and expense on Defendant. Defendant asserts that the cases hold that the proper place of taking depositions of the officers of a corporate Defendant is at the location of its corporate offices or where said officers reside.

Plaintiff asserts that it is entitled to take the deposition pursuant to notice given a party litigant in accordance with Rule 30(b), supra, and it further contends said Rule contains no geographical limitations. It is urged that the matters to which the discovery requested is directed relate to Defendant's Counterclaim and in particular request information as to the alleged damages sought by way of same against Plaintiff.

█ The notice issued by Plaintiff is all that is necessary to require attendance of parties or their officers or managing agents and a subpoena was not required in the circumstances present. See Wright & Miller, Federal Practice and Procedure: Civil § 2107. As to the place of such examination, the same textwriter states at § 2112 as follows:

"If the person to be examined is a party to the action, a subpoena is not required and the notice is sufficient to require his attendance. Thus the examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place."

The Court in the case of *Grey v. Continental Marketing Associates, Inc.*, 315 F.Supp. 826 (N.D.Ga.1970) appears to have considered the same issue now present in the instant case wherein it is stated:

"As to the motion to modify notice of taking depositions, it appears to the court that this motion is in effect a motion for a protective order under Rule 30(b) and it will be treated as such for purposes of this order.[15] Although the federal rules

[15] Rule 45(d) provides for place of deposing witnesses and is inapplicable to parties.

do not prevent plaintiff's designating any place he chooses for the taking of a defendant's deposition, the cases indicate that it is presumed that a defendant will be examined at his residence or at his place of business or employment; if another place is named and defendant files a timely objection the objection should be sustained absent some unusual circumstance to justify putting the defendant to such inconvenience.[16] See 4 Moore, Fed-

[16] The above statement does not apply to plaintiffs, however, who selected the forum and may therefore be called upon to present themselves at that place for the taking of their depositions, despite any inconvenience this may cause to them.

eral Practice, ¶ 30.07(1–3). No such unusual circumstances appearing in the instant case, plaintiff will not be permitted to require defendants to come to this district to be deposed. Plaintiff may, of course, arrange to take depositions at a time when defendants will be in this state, if possible, but otherwise plaintiff must take any depositions he wishes at the defendants' residence or place of business."

In the instant case, the Court determines that the law as applied in the above cited case appears applicable herein. However, the Court has *sua sponte* considered whether Defendant herein should be considered to be the same as a party plaintiff in regard to the matters sought to be discovered which relate to its Counterclaim asserted herein. If the Counterclaim is a compulsive counterclaim pursuant to Rule 13(a), Fed.Rules Civ.Proc., then Defendant should not be considered to be in the same position as a party plaintiff which selected the forum. However, if the Counterclaim is a permissive counterclaim pursuant to Rule 13(b), supra, it would appear Defendant should be considered to be in such position.

Plaintiff's claim asserted in its Complaint is based on allegations that it paid Defendant a sum of money between July 1, 1970, and August 1, 1971, to service 85 separate mobile home loans for various periods of time not exceeding 12 years. It alleges that the services rendered by Defendant in connection with such loans became unsatisfactory and by May of 1975, Plaintiff was required to assume such services itself. It urges it is entitled to recover from Defendant an amount representing an alleged unearned service fee calculated as of June 1, 1975, as to all loans still in effect. In the Pretrial Order filed on February 3, 1976, Plaintiff asserts its rights are based on a contract entered into by the parties dated April 2, 1970.

Defendant's Counterclaim filed February 19, 1976, urges the contract of April 2, 1970, was in effect until September 1, 1971, during which time it contends Plaintiff breached same by failing to pay Defendant a service fee on all mobile home loans made by Plaintiff during the time period in question.

A comparison of the Plaintiff's claim and the Defendant's Counterclaim indicates that both are based on alleged breaches of the contract of April 2, 1970. However, Plaintiff complains of an alleged breach by Defendant prior to May of 1975 by failing to provide services on loans for which it was paid a servicing fee at the time such loans were made during 1970 and 1971, while the Defendant urges Plaintiff breached provisions of the contract by failing to place all mobile home loans made during the period of the contract with Defendant for servicing and by failing to pay Defendant a servicing fee as to said loans. The respective claims of the parties appear to be based on entirely different alleged breaches of the same contract.

Rule 13(a), supra, as to compulsory counterclaims, provides in relevant part:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Rule 13(b), supra, as to permissive counterclaims provides:

"A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

It is thus the key language "arising out of the transaction or occurrence" which is the determining factor in classifying a counterclaim as either compulsory or permissive. An extensive discussion of the application of said terms is found in the case of *Pipeliners Local Union No. 798, Tulsa, Okla. v. Ellerd*, 503 F.2d 1193 (10 Cir. 1974) wherein the Court stated:

"The courts have given the terms 'transaction' and 'occurrence' contained in Rule 13(a), supra, flexible and realistic construction in order to effect 'judicial economy', i. e., trial in one action of all related controversies between the parties and, of course, the avoidance of multiplicity of suits. *Southern Construction Co., Inc. v. Pickard*, 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962); *Moore v. New York Cotton Exchange*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926); *State of Iowa v.*

*Union Asphalt & Roadoils, Inc.*, 409 F.2d 1239 (8th Cir. 1969); *Great Lakes Rubber Corporation v. Herbert Cooper Co., Inc.*, 286 F.2d 631 (3rd Cir. 1961); *Glens Falls Indemnity Company v. United States ex rel. Westinghouse Electric Supply Company*, 229 F.2d 370 (9th Cir. 1955); Wright and Miller, Federal Practice and Procedure, § 1409. See also Fed.R.Civ.P., Rule 54(b), 28 U.S.C.A.

"It has been said that most courts, rather than attempting to define the key terms of Rule 13(a), supra, precisely, have preferred to suggest standards by which the compulsory or permissive nature of specific counterclaims may be determined: (1) Are the issues of fact and law raised by the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on defendants' claim absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute plaintiffs' claim as well as defendants' counterclaim? and (4) Is there any logical relation between the claim and the counterclaim? See Wright and Miller, Federal Practice and Procedure, Civil § 1410, Ch. 4, p. 42 and cases cited. On the totality of the facts presented, we hold that while many of the issues of fact and law are largely the same, and while much of the same evidence would support or refute plaintiffs' claim as well as defendants' counterclaim, the one compelling test of compulsoriness met here is that both the original claims of plaintiffs-appellants and the counterclaim of defendant-appellee arose out of the same 'transaction or occurrence' which logically relate by reason of their common origin. The 'logical relation' test is the most controlling. *Moore v. New York Cotton Exchange*, supra; Wright, Law of Federal Courts, 1970 Ed., Ch. 10, Counterclaims, pp. 346–347; 1A Barron & Holtzoff, Wright ed., § 394."

■ In the case before this Court, the only connection between Plaintiff's original claim and the Counterclaim asserted by Defendant is that they involved alleged breaches of the same contract. The alleged breaches involve different contract provisions and to acts of different parties during entirely different time frames. Each alleged breach by the opposing party is alleged to be unilateral on the part of the alleged wrongdoer. Entirely different evidence will be required to prove each alleged breach and the resulting damages sustained from same. The only common question is the existence of the contract in question which it appears both parties agree was entered into by the parties and was in force and effect during 1970 and 1971. The Court concludes that the Counterclaim asserted herein by Defendant is permissive.

As it appears that Defendant's Counterclaim is permissive, Defendant's position in regard to the taking of its officers' or managing agents' deposition as to matters or issues asserted in the Counterclaim is the same as that of a Plaintiff which has chosen the forum in which the action is pending. The Court finds that the Defendant's Motion for a Protective Order should be denied and that the noticed deposition should be conducted in Oklahoma City, Oklahoma, at a time to be rescheduled by Plaintiff pursuant to the Notice of April 6, 1976.

Defendant's Objection to the Taking of Deposition and Plaintiff's Motion for Order Compelling Discovery are stricken as being procedurally improper as set out heretofore.

## ORDER ON MOTION FOR VIDEOTAPE
### RECORDATION OF DEPOSITION

■ This action for alleged breach of contract is set for jury trial on June 21, 1976. Plaintiff has filed a Motion for Order Authorizing Recordation of Deposition Testimony by Video Tape, In Addition to Conventional Stenographic Means. Said Motion is accompanied by a Brief and a proposed Order setting out certain conditions under which it is proposed such deposition would be taken. Defendant has filed a Response and Brief opposing said Motion. The deposition in question involves a purported witness who was formerly Defendant's employee and would appear to be a key witness in the instant case. It is alleged said deposition will be required to be used during the trial of the case because

said witness resides outside the subpoena limits of this Court. Plaintiff urges that the presentation of the testimony of the witness in question could be better presented to the jury in the manner requested than by the reading of a written deposition for the reason that the jury could observe the demeanor, mannerisms, and responses of the witness in order to better consider his credibility. Plaintiff urges same is permissible pursuant to Rule 30(b)(4), Fed.Rules Civ.Proc. Plaintiff agrees to bear the costs of this procedure and further agrees that same not be taxed as costs in the case which would be allowable to the prevailing party. Defendant opposes said Motion on the basis that there are no exigencies requiring the procedure requested and because greater costs would be involved.

Rule 30(b)(4), *supra*, provides:

"The court may upon motion order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to have a stenographic transcription made at his own expense."

Said Rule provision was added by the 1970 amendment to the Federal Rules of Civil Procedure. It has been held by some Courts to authorize video-tape deposition proceedings. See *Carson v. Burlington Northern, Inc.*, 52 F.R.D. 492 (D.Neb.1971) and *United States v. LaFatch*, 382 F.Supp. 630 (N.D.Ohio 1974). However, one recent case holds that video-tape depositions were not envisioned when said provision was added to the Federal Rules of Civil Procedure. See *Perry v. Mohawk Rubber Company*, 63 F.R.D. 603 (D.S.C.1974). In Wright & Miller, Federal Practice and Procedure: Civil § 2115 (1975 Supplement) the textwriter states:

"They have a further advantage in that the finder of fact at trial often will gain greater insight from the manner in which an answer is delivered and recorded by audio-visual devices. Moreover, a recording, a video tape, or a motion picture of a deposition will avoid the tedium that is produced when counsel read lengthy depositions into evidence at the trial."

Defendant's primary objection that the proposed video taping would involve greater costs than the taking of a deposition by conventional means does not appear to be of great concern in considering the instant Motion in light of the Plaintiff's agreement to bear such costs and to not expect same to be taxed as costs in the case.

It appears that the deposition in question will be made primarily for the purposes of obtaining the trial testimony of a very important witness in this case. The proposed deponent was Defendant's managing agent for its operations in Oklahoma during at least a portion of the time the breach of contract between the parties which forms the basis for this action was in effect. As said witness is no longer in the employ of Defendant and does not reside within the subpoena distance of this Court, it would appear that Plaintiff's desire to present his testimony in the manner requested is well founded and would appear to serve the ends of justice. The Court is mindful that the procedure of presenting said deposition by video-tape to the jury is a relatively new innovation, however the procedures would appear not to be much more difficult than presenting evidence by means of aural-tape recordings or by means of motion pictures. The Court in its discretion determines that the Motion should be sustained upon the basis of the Proposed Order submitted by Plaintiff along with its Motion which Order will be entered simultaneously with the instant Order.

## ORDER

Plaintiff's Motion for Order Authorizing Recordation of Deposition Testimony by Video Tape, In Addition To Conventional Stenographic Means, pursuant to Rule 30(b)(4), F.R.Civ.P., is granted, subject to the following conditions:

1. The deposition of Mr. Ward may be recorded on video tape, provided that the

testimony of said witness is also recorded by a Certified Shorthand Reporter and transcribed by said Certified Shorthand Reporter.

2. The witness shall be first duly sworn on camera by an officer authorized to administer oaths before whom the deposition is being taken.

3. The video operator shall take an oath before a judge or clerk of this Court to record all proceedings accurately and completely, and certify as to the correctness and completeness of the video tape and that the witness was duly sworn by him.

4. Evidence objected to shall be taken subject to the objections. All objections shall be noted upon an index listing pertinent video tape cassette and video tape recorder counter numbers by the operator, which index shall be retained with the video tape recording.

5. The video tape upon which the testimony of the witness is recorded shall be preserved in the custody of the Clerk of the Court.

6. Plaintiff shall bear the expenses of arranging for, recording and replaying the video tape of said deposition, and shall bear the usual expenses with respect to stenographic recordation of said testimony and the transcription of said stenographic record.

7. The video tape recording of the testimony of said witness may thereupon be used as fully as and to the same extent as other depositions.