Sol ZUCKERT, Plaintiff,

v.

BERKLIFF CORPORATION, Berkley Industries, Inc., Beauty Mail Mills, Inc., and Lady Fair Mills, Defendants.

and

BERKLIFF CORPORATION and Berkley Industries, Incorporated, Counterplaintiffs,

v.

Sol ZUCKERT, Counterdefendant.

No. 81 C 7284.

United States District Court, N.D. Illinois, E.D.

Nov. 22, 1982.

Ditkowsky & Contorer, Chicago, Ill., for plaintiff.

Lionel G. Gross, Altheimer & Gray, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On November 4, 1982, Magistrate Carl B. Sussman entered an order granting plaintiff-counterdefendant Sol Zuckert's ("Zuckert") motion to compel defendants-counterplaintiffs' agents, Herbert Berkley, Allen Berkley and Kemal Sidak, to travel to Chicago for depositions. This order is now before the Court on defendant-counterplaintiffs' objections. After careful consid-

eration of this matter, Magistrate Sussman's November 4 order is vacated and it is ordered that the subject matter depositions be taken at the location of defendants-counterplaintiffs' business.

In his amended complaint, Zuckert alleges that defendants breached an oral agreement to pay commissions and incentive bonuses.[1] Defendants Berkliff Corporation and Berkley Industries filed a counterclaim against Zuckert for breach of contract and breach of fiduciary duty, alleging that Zuckert solicited customers to purchase products from defendants' competitors and violated defendants' instructions on customer solicitation.

The Magistrates Act, 28 U.S.C. §§ 631–639, sets forth the standard of review which courts are to observe when considering motions to reconsider magistrate's orders. Section 636(b)(1)(A) declares that

a judge may designate a magistrate to hear and determine any pretrial matter pending before the court. . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

Thus, to reconsider and vacate Magistrate Sussman's order, we must find that his November 4 order was "clearly erroneous or contrary to law."

As a general rule, the deposition of a corporation by its agents and officers should be taken at its principal place of business. *Dunn v. Standard Fire Insurance Co.,* 92 F.R.D. 31, 32 (E.D.Tenn.1981). This is particularly so when the corporation is a defendant. *Salter v. Upjohn Co.,* 593 F.2d 649 (5th Cir.1979). If a corporation objects to depositions at a location other than its principal place of business, the objection should be sustained unless there are unusual circumstances which justify such an inconvenience to the corporation. *Grey v. Continental Marketing Associates,* 315 F.Supp. 826, 832 (N.D.Ga.1970). One reason

for this principle may be a desire to avoid forcing defendant corporations to transport business records. *Clark v. General Motors Corp.,* 20 Fed.R.Serv. 679, 688 (Callaghan) (D.Mass.1975).

Two defendants in the instant case, however, have filed a counterclaim; they are thus counterplaintiffs. Therefore, this raises a question concerning whether defendants-counterplaintiffs are entitled to be deposed at their place of business pursuant to the general principle discussed above. If a counterclaim is compulsory, a defendant remains entitled to protection from deposition anywhere but his or her residence or business location; on the other hand, if a counterclaim is permissive, a defendant-counterplaintiff may be deposed at the place of trial. *Wisconsin Real Estate Investment Trust v. Weinstein,* 530 F.Supp. 1249, 1253 (E.D.Wis.1982); *Pinkham v. Paul,* 91 F.R.D. 613, 615 (D.Me.1981). Filing a permissive counterclaim thus results in a defendant-counterplaintiff being treated as a party plaintiff for purposes of any depositions. *Continental Federal Savings & Loan Association v. Delta Corp.,* 71 F.R.D. 697, 700 (W.D.Okl.1976). We must therefore decide whether the counterclaim in this case is compulsory or permissive.

Rule 13(a) of the Federal Rules of Civil Procedure provides:

Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . .

In construing the requirement that a compulsory counterclaim arose out of the same transaction or occurrence as the claim of an opposing party, the Court of Appeals for the Seventh Circuit has declared that

---

1. On March 17, 1982, this Court dismissed Zuckert's original complaint, which sought an accounting, pursuant to defendants' motion for

failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

" 'transaction' may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Warshawsky & Co. v. Arcata National Corp.*, 552 F.2d 1257, 1261 (7th Cir.1977). Applying this test to the instant case, it is clear that the counterclaim is compulsory and not permissive. Zuckert has sued for commissions and incentive bonuses allegedly due him pursuant to his full performance of an oral contract with defendants-counterplaintiffs; in their counterclaim, defendant-counterplaintiffs have put in issue Zuckert's performance of contracts with them. The complaint and counterclaim are thus inextricably related, and defendants-counterplaintiffs are entitled to be deposed at the location of their business. Zuckert has not persuaded this Court that there are any unusual circumstances justifying taking the deposition in question in Chicago.

Therefore, the November 4, 1982, order of Magistrate Sussman, granting Zuckert's motion to compel defendants' agents to travel to Chicago for depositions is vacated and the depositions in question are to be taken at the location of defendants-counterplaintiffs' business. It is so ordered.