Donna J. GIBBS, John M. Gibbs, Administrator of the Estate of Donna J. Gibbs, and John H. Gibbs, Individually and as Husband of Donna J. Gibbs, Plaintiff

v.

NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a Amtrak; CSX Transportation, Inc.; and Consolidated Rail Corporation, Defendants.

NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a Amtrak and CSX Corporation, Counterclaimants

v.

EASTERN EXPRESS, INC., Counter–Defendant.

No. 2:94 cv 226 JM.

United States District Court, N.D. Indiana, Hammond Division.

Feb. 27, 1997.

James A. Cheslek, Hoeppner Wagner and Evans, Valparaiso, IN, John E. Hughes, Hoeppner Wagner and Evans, Merrillville, IN, for plaintiffs.

Harold Abrahamson, Michael C. Adley, Abrahamson Reed and Adley, Hammond, IN, for defendants.

Jay A. Charon, Spangler Jennings and Dougherty, P.C., Merrillville, IN, for Eastern Express, Inc.

### ORDER

RODOVICH, United States Magistrate Judge.

This matter is before the court on the Motion for Protective Order filed by the defendants, National Railroad Passenger Corporation and CSX Transportation, Inc., on February 21, 1997. For the reasons set forth below, the motion is **DENIED.**

On December 21, 1993, the decedent, Donna J. Gibbs, was employed by Eastern Express, Inc. On that date, Gibbs was killed in a railroad crossing accident when the company vehicle which she was driving was struck by an Amtrak train. This lawsuit was filed by the Gibbs estate seeking compensation for her death.

Although Eastern Express was not a party to the original complaint, Amtrak and CSX filed a pleading entitled Counterclaim against Eastern Express seeking compensation for the damages caused to the train during the collision. Amtrak and CSX have alleged that Gibbs caused the accident and that Eastern Express is liable for the damages to the locomotive.

The Amtrak employee most familiar with the repairs to the locomotive resides in New Orleans, Louisiana. Eastern Express has attempted to schedule his deposition in Hammond, Indiana. Amtrak has insisted that the deposition take place in New Orleans.

■ As a general rule, a plaintiff may be required to attend a deposition in the district where the case was filed, but a defendant may insist upon being deposed in the district where he resides. This general maxim is based upon the theory that the plaintiff has chosen the forum voluntarily and should expect to appear for any legal proceedings but that the defendant is an involuntary participant in the lawsuit. *Newman v. Metropolitan Pier & Exposition Authority,* 962 F.2d 589, 591–92 (7th Cir.1992); *Undraitis v. Luka,* 142 F.R.D. 675, 676 (N.D.Ind.1992). *See also* 8A Wright, Miller & Marcus, *Federal Practice and Procedure:* Civil 2d § 2112 at p. 75.

■ Although Amtrak and CSX have been named as defendants in the original complaint, they have asserted a claim for damages against Eastern Express. The pleading misnamed as a counterclaim in reality is a third-party complaint under Federal Rule of Civil Procedure 14(a). Amtrak and CSX could have filed a separate lawsuit against Eastern Express, but they chose to add Eastern Express to this lawsuit. Between Eastern Express and Amtrak, Eastern Express must be considered the involuntary

participant. Because Amtrak chose to expand the scope of the original complaint, it must produce its employee in the Northern District of Indiana for a deposition on its counterclaim.

The defendants have cited *Zuckert v. Berkliff Corporation,* 96 F.R.D. 161 (N.D.Ill.1982) and *Continental Federal Savings and Loan Association v. Delta Corporation of America,* 71 F.R.D. 697 (W.D.Okla.1976) in support of their motion. However, neither case is on point. In both cases, the defendants filed counterclaims. Both district judges acknowledged the general rule that a defendant could not be compelled to appear in the forum state for a deposition. Both courts also held that filing a compulsory counterclaim under Federal Rule of Civil Procedure 13(a) did not strip a defendant of that protection. *Zuckert,* 96 F.R.D. at 162; *Continental Federal Savings and Loan Association,* 71 F.R.D. at 700. The courts then proceeded to discuss whether the pending counterclaims were compulsory under Rule 13(a) or permissive under Rule 13(b). Because Amtrak filed a third-party complaint under Rule 14(a), *Zuckert* and *Continental Federal Savings and Loan Association* are not controlling.

For the foregoing reasons, the Motion for Protective Order filed by the defendants, National Railroad Passenger Corporation and CSX Transportation, Inc., on February 21, 1997, is **DENIED**.