**CHRIS–CRAFT INDUSTRIAL PRODUCTS, INC., Plaintiff,**

v.

**KURARAY COMPANY, LTD., Kuraray America, Inc., Cast Film Technology, Inc. & James Rossman, Defendants.**

No. 98 C 7298.

United States District Court, N.D. Illinois, Eastern Division.

March 25, 1999.

---

David C. Bohan, Lawrence Schaner, Anthony Porcelli, Jenner & Block, Bradford Lyerla, Judie D. Dziezak, Ryndak & Lyerla, Chicago, Illinois, for plaintiff/petitioner.

Donald P. Colleton, Abramson & Fox, Chicago, Illinois, Andrew J. Bernstein, Frederick A. Brodie, Winthrop, Stimson, Putnam & Roberts, New York City, for Kuraray Co., Ltd. and Kuraray America, Inc.

Joel D'Alba, Stephen Feinberg, Asher, Gittler, Greenfield, Cohen & D'Alba, Ltd., Chicago, Illinois, for Cast Film Technology, Inc. and James M. Rossman.

## MEMORANDUM OPINION AND ORDER

ALESIA, Senior District Judge.

Before the court is defendants Kuraray Co., Ltd. and Kuraray America, Inc.'s motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c). For the following reasons, the court grants in part and denies in part the motion.

## I. BACKGROUND

Plaintiff Chris–Craft Industrial Products, Inc. ("CCIP") has filed suit against defendants Kuraray Co., Ltd. ("Kuraray Japan"), Kuraray America, Inc. ("Kuraray America"), Cast Film Technology, and James Rossman. In response to CCIP's complaint, defendants Kuraray Japan and Kuraray America (collectively "the Kuraray defendants") filed a joint answer, asserting several affirmative defenses, counterclaims against CCIP, and a third-party complaint against CCIP's parent company, Chris–Craft Industries, Inc. ("Chris–Craft").

On Tuesday, March 9, 1999, CCIP noticed the deposition of eleven individuals. Of the eleven individuals to be deposed, eight are employees of Kuraray Japan and live in Japan, one is an employee of Kuraray America in New York, and two are not employees of either Kuraray Japan or Kuraray America.

The depositions were noticed to take place in Illinois and to begin on March 18, 1999 and end on April 2, 1999. Kuraray Japan received the notice of the depositions on Wednesday, March 10, giving Kuraray Japan five business days notice.

On March 12, 1999, the Kuraray defendants filed a motion for a protective order. In their motion, the Kuraray defendants ask this court to (1) order that the depositions of the Kuraray Japan employees are to take place in Japan, where Kuraray Japan is based; (2) order that the deposition of the Kuraray America employee is to take place in New York, where Kuraray America has its principal place of business; and (3) bar CCIP from taking the depositions of Masami Sato and Jiro Onishi because these two individuals have no direct, relevant knowledge.

## II. *DISCUSSION*

### A. *The place of the noticed depositions*

Pursuant to Federal Rule of Civil Procedure 26(c)(2), the court has broad discretion to alter the place of a noticed deposition. *Sears v. American Entertainment Group, Inc.*, No. 94 C 165, 1995 WL 66411, at *1 (N.D.Ill. Feb. 13, 1995). The court should enter such a protective order only where "good cause" for the order is shown. *Id.*

The general rule is that the deposition of a corporation by its agents and officers should be taken at the corporation's principal place of business. *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D.Ill.1982). When a corporation objects to a deposition being taken at a place other than its principal place of business, "the objection should be sustained unless there are unusual circumstances which justify such an inconvenience to the corporation." *Sears*, 1995 WL 66411, at *1. Further, where a deposition is noticed to be taken at a location other than the corporation's principal place of business, "[t]he purposes underlying the general rule that the depositions should proceed at the corporation's principal place of business create a presumption that the corporation has good cause for a protective order." *Id.*

In this case, the depositions of the Kuraray defendants' employees are noticed to be taken at a location other than at the Kuraray defendants' principal place of business; thus, the Kuraray defendants have shown good cause for the protective order. CCIP, however, has failed to show that there are unusual circumstances or principles of justice that require the court to deviate from the general rule that the depositions should proceed at the Kuraray defendants' principal place of business.

CCIP argues that the depositions should proceed in Illinois because the Kuraray defendants have filed permissive counterclaims against CCIP and, as a result, should be treated as a party plaintiff for the purposes of any deposition. It is true that if a defendant files a permissive counterclaim, the court *may* order that the defendant-counterplaintiff be deposed at the place of trial. *Zuckert*, 96 F.R.D. at 162. However, there are two main reasons why the court finds that the depositions should not take place in Illinois. The first reason is that CCIP has made no showing that it intends to depose these witnesses to obtain information related to the Kuraray defendants' counterclaims. Rather, from what the court can discern from CCIP's brief and the Kuraray defendants' exhibits, CCIP intends to take these witnesses' depositions to obtain information related to the allegations in CCIP's complaint. Therefore, in this case, it would be unfair to treat the Kuraray defendants as counterplaintiffs for the purposes of these particular depositions.

The second reason why the court finds that these depositions should not be taken in Illinois is that the Kuraray defendants have made a substantial showing that having their employees deposed in Illinois would create an undue burden. CCIP has noticed the depositions of eight Kuraray Japan executives. The Kuraray defendants have submitted uncontroverted evidence that forcing each of these executives to travel from Japan to Chicago will impose a more significant cost on Kuraray Japan in terms of lost executive work time and expenses than if the depositions were taken in Japan. In addition, Kuraray Japan's fiscal year ends on March

31, 1999. All of the noticed executives are involved in meeting the tight deadlines imposed by the fiscal year's end. If the depositions take place in Illinois instead of Japan, Kuraray Japan will be precluded from successfully closing its fiscal year, causing economic loss to Kuraray Japan. Finally, Kuraray America's annual board meeting is scheduled for late March in Japan, which means that it would be unable to have a representative present in Illinois for the depositions and one of the deponents who is a member of Kuraray America's board of directors would be required to be in Japan during the time of his noticed deposition.

Along the same lines as its above argument, CCIP also argues that the depositions should proceed in Illinois because the Kuraray defendants have filed a third-party complaint against Chris–Craft. The court rejects this argument for three main reasons. First, the depositions were noticed by CCIP and not Chris–Craft. In fact, as the Kuraray defendants have shown, Chris–Craft was not a party to these proceedings at the time that CCIP noticed the depositions. Second, the Kuraray defendants have also shown that CCIP intends to take these depositions to obtain information about the allegations in CCIP's complaint, not the Kuraray defendants' third-party complaint. Finally, as previously discussed, the Kuraray defendants have made a substantial showing that having their employees deposed in Illinois would create an undue burden.

In sum, CCIP has failed to show that there are unusual circumstances or principles of justice that require this court to deviate from the general rule that the depositions should proceed at the Kuraray defendants' principal place of business. Under the circumstances of this case, the court does not find that the fact that the Kuraray defendants filed counterclaims against CCIP or a third-party action against Chris–Craft requires this court to deviate from the general rule. Moreover, the Kuraray defendants have submitted uncontroverted evidence that having their employees deposed in Illinois would create an undue burden. Accordingly, the court orders that the depositions of the Kuraray Japan employees are to be taken in Japan and the

deposition of the Kuraray America employee is to be taken in New York.

## B. *The depositions of Masami Sato and Jiro Onishi*

The Kuraray defendants also ask this court to bar CCIP from taking the depositions of Masami Sato and Jiro Onishi. The Kuraray defendants argue that neither of these individuals has direct knowledge of the allegations set forth in CCIP's amended complaint. CCIP claims that certain documents, which are filed separately and under seal, show that these two individuals may indeed have relevant information. CCIP states, however, it has no interest in taking these two individuals' depositions if they in fact do not have relevant information.

■ The documents to which CCIP cites do suggest that these two individuals might have information relevant to this lawsuit. Accordingly, the court will not bar CCIP from taking the depositions of these two individuals. If these individuals do not have relevant information, that will become apparent in their depositions.

## III. *CONCLUSION*

For the foregoing reasons, the court grants in part and denies in part Kuraray Co., Ltd. and Kuraray America, Inc.'s motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c). The motion is granted insofar as it requests this court to order that the depositions of the Kuraray Co., Ltd. employees are to be taken in Japan and the deposition of the Kuraray America, Inc. employee is to be taken in New York. The motion is denied insofar as it requests this court to bar CCIP from taking the depositions of Masami Sato and Jiro Onishi.

Accordingly, the court orders Chris–Craft Industrial Products, Inc. to issue Amended Notices of Depositions that comply with Federal Rule of Civil Procedure 30. The depositions of the employees of Kuraray Co., Ltd. shall take place in Osaka, Japan on mutually agreeable dates beginning after April 7, 1999. The depositions of the employees of Kuraray America, Inc. shall take place in New York,

New York on mutually agreeable dates beginning after April 7, 1999.