POSNER, Circuit Judge.
Pradaxa is a prescription blood-thinning drug manufactured by an American company and its German affiliate (collectively Boehringer). A number of suits against Boehringer complaining about the accuracy of the warning label on the drug have been consolidated in the Southern District of Illinois for pretrial proceedings. The litigation is in the discovery stage. On December 9 of the just-ended year, the district judge presiding over the litigation imposed sanctions on Boehringer for discovery abuse. Boehringer has petitioned us for a writ of mandamus quashing the sanctions.
*218 The sanctions include fines, totaling almost $1 million, that the judge imposed for various abuses; this part of his order is not so questionable (if it is questionable at all) as to be a plausible candidate for mandamus. But in addition he imposed a non-monetary sanction that is deeply troubling. It relates to depositions that the plaintiffs’ counsel wants (and is entitled) to take of 13 employees of Boehringer, all of whom work in Germany and 10 of whom are German citizens (the other three are U.S. citizens). The parties had agreed that the depositions of these 13 potential witnesses would be conducted in Amsterdam. But when the plaintiffs asked the district judge to impose sanctions on Boehringer for discovery abuses, one of the sanctions they asked for was (we quote the judge) that the site of the depositions be changed to “a place convenient to the [plaintiffs] and [to] the defendants’ [Boehringer’s] United States counsel. This is a financial issue but also a timing issue because of the many delays caused by the defendants^] actions and the extraordinary time it takes to fly to Amsterdam and the logistics of setting up the necessary working space there.” Because of what the judge found (and we do not take issue with his finding) to be Boehringer’s interminable discovery delays, the judge determined “an appropriate sanction pursuant to [his] inherent powers to be to require [Boehringer] to produce all employees for deposition in the United States,” either “in New York City or such other place as the [plaintiffs] and the defendants shall unanimously agree upon” (emphasis added). Obviously the plaintiffs will not agree either to a European locus for the depositions, or to any place in the United States that Boehringer might prefer to New York City. So New York (in all likelihood) it will be.
A federal judge is empowered to subpoena a U.S. citizen living abroad to appear before him and be deposed, but only if the citizen’s testimony can’t be obtained in admissible form otherwise, 28 U.S.C. § 1783(a) — and here it can be, by a deposition conducted in Amsterdam. So that statute was not authority for what the judge did, even with regard to Boehringer’s U.S. citizen employees in Germany. And foreigners who are not in the United States are beyond the subpoena power of our courts even if their testimony can’t be obtained in admissible form otherwise. Relational, LLC v. Hodges, 627 F.3d 668, 673 (7th Cir.2010) (“foreign nationals are beyond the court’s subpoena power”); United States v. Drogoul, 1 F.3d 1546, 1553 (11th Cir.1993). There is a possible exception, but it is immaterial: Fed. R. Civ. P. 30(b)(6) provides that “a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf’ (emphasis added). If it be assumed that the rule is applicable to a foreign corporation whose officers, etc., are all foreigners, still the passage we’ve italicized indicates that only certain types of individual may be designated to testify at such a deposition, and there is no suggestion that any of the 13 persons whom the district judge in this ease has ordered be deposed in the United States fit any of the categories. Finally, nothing in Fed.R.Civ.P. 37, the source of judicial power to impose sanctions for disobeying a discovery order, and the stated ground of the sanctions order in this case, purports to enlarge judicial power to impose such orders against foreigners.
It’s true that the order changing the location of the depositions is addressed to Boehringer rather than to the 13 wit *219 nesses — Boehringer is “require[d]” to produce them for deposition in the United States (since, armed with the judge’s order, the plaintiffs will not consent to depose them elsewhere). But what if the witnesses refuse? They are not parties. They can’t be forced to come to the United States to be deposed. And is using an employer’s leverage over his employees a proper means of circumventing limitations on deposing persons in foreign countries (including U.S. citizens, if they can be deposed satisfactorily in the foreign country they’re residing in, or, as in this case, in a neighboring country)?
The plaintiffs ask: since Boehringer was willing to allow its employees to be deposed outside Germany, why should it object to their being deposed in another foreign country, the United States? Well, we don’t know where in Germany all 13 employees live or work, but Amsterdam is only 265 miles from Ingelheim, the headquarters of Boehringer’s German affiliate, while New York City is 3,830 miles from Ingelheim.
And finally we have difficulty understanding the order to change the site of the depositions as a sanction. The parties were all set to conduct the depositions in Amsterdam. Suppose that because of unjustifiable delay, Boehringer has made it more costly for the plaintiffs to conduct discovery there — maybe the plaintiffs bought nonrefundable plane tickets which they couldn’t use because Boehringer postponed the depositions. Certainly the judge could make Boehringer pay for the tickets, or for any other unreasonable expense that it imposed on the plaintiffs relating to the scheduled depositions; Boehringer is a huge pharmaceuticals enterprise. The problem is the form the sanction ordered by the judge took — ordering Boehringer to be the court’s agent in violating federal legal limitations on compelled discovery in foreign countries, merely so that depositions could be shifted to a place inconvenient for the witnesses who are to be deposed. They are to be punished for the sins of their employer. And they are not even corporate bigwigs, who might feel humiliated by a travel order; so far as appears, they are merely research scientists. They are not responsible for Boehringer’s contumacy, yet they are the targets of the sanction.
And suppose Boehringer complains to the German government, or for that matter the U.S. State Department, that the judge’s order is ultra vires and infringes German sovereignty. Do we need that?
We conclude that the district judge exceeded his authority in ordering the location of the depositions changed to punish Boehringer. And when a discovery order “amount[s] to a judicial usurpation of power or a clear abuse of discretion,” Cheney v. United States District Court for the District of Columbia, 542 U.S. 367, 371, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (citations and quotation marks omitted), or otherwise works a manifest injustice, a party may petition the court of appeals for a writ of mandamus. Although the Supreme Court has refused to include discovery orders within the class of “collateral orders,” which are appealable though interlocutory, see, e.g., Mohawk Industries, Inc. v. Carpenter, 558 U.S. 100, 103, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009), it has made clear that mandamus provides a “safety valve” enabling appellate review of such an order in the exceptional case. Id. at 111, 130 S.Ct. 599; see Ott v. City of Milwaukee, 682 F.3d 552, 554-55 (7th Cir.2012). This is one of those rare “safety valve” cases for mandamus because of the risk of international complications arising from a U.S. judge’s having ordered foreigners to be brought to the United States to be deposed, when there is no legal *220 authority for such an order; because alternative sanctions are readily available; and because the particular sanction punishes innocents — the inventors whom the order requires Boehringer to fly to the United States to be deposed, rather than their being deposed in nearby Amsterdam as the parties had agreed.
We therefore direct that the order be rescinded; in all other respects the petition for a writ of mandamus is denied.