**AMERICAN GENERAL LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Ellen V. HARSHMAN, Defendant.**

**No. 5:13–CV–129–WOB–REW.**

United States District Court,
E.D. Kentucky,
Central Division,
Lexington.

Signed April 10, 2014.

David P. Donahue, John A. Little, Jr., K. Henson Millsap, Michael D. Mulvaney, Maynard Cooper & Gale, P.C., Birmingham, AL, Timothy L. Mauldin, Bell, Orr, Ayers & Moore, PSC, Bowling Green, KY, for Plaintiff.

Michael D. Grabhorn, Grabhorn Law Office, PLLC, Louisville, KY, for Defendant.

ORDER

ROBERT E. WIER, United States Magistrate Judge.

The Court provisionally resolves the location for the Rule 30(b)(6) deposition in this

case. Plaintiff seeks, as deposition venue, the district of its principal place of business, generally citing a default rule as to corporate deponents (*i.e.,* that the deposition occur at the corporation's principal place of business) and some case-specific factors (including generic health concerns as to one potential designee). The defense cites its own default rule (regarding plaintiff depositions in the forum of litigation). The Court could reference lengthy strings of citations as to either proposition. *See generally* 8A Wright, Miller, Kane, Marcus, & Steinman, *Federal Practice & Procedure Civil* § 2112 (3d ed. 2013) (discussing generally place of examination for oral depositions).

This issue, really like any scenario in this category, ultimately comes down to court discretion and the assessment of good cause under Rule 26(c). *York v. Am. Med. Sys., Inc.,* 166 F.3d 1216, 1998 WL 863790, at *4 (6th Cir.1998) (table) ("Moreover, Federal Rule of Civil Procedure 26(c) grants broad discretion to trial judges in fashioning protective orders." (citation omitted)); *id.* ("A motion under Rule 26(c) to limit discovery requires the district court to balance the interests at issue, and to compare the hardship on both parties if the motion if either granted or denied."). The Court undoubtedly has discretion to make rulings, regarding the manner of discovery, that account for and prevent undue burden. Here, Plaintiff raises the objection and thus must justify relief. *Lewis v. St. Luke's Hosp. Ass'n,* 132 F.3d 33 (6th Cir.1997) (table) ("The burden of establishing good cause for such an order rests with the movant."). Other cases are helpful, in formulating the analysis, but each case stands on its own in terms of the specific good cause calculus.

The Court has considered all of the factors the cases typically cite and the equities in this suit, to include: location of counsel, alleged disruption from a remote forum, the burdensomeness of travel (including expense), and judicial economy. Plaintiff's ar-

gument focuses mostly on the general rule already cited. On this provisional record, the Court declines to require that the Rule 30(b)(6) occur in Houston, Plaintiff's principal place of business. The defense has no right to a deposition in Louisville, however, and the Court requires that the Rule 30(b)(6) deposition occur in **this** District at a location to be negotiated between the parties.

In this age of technology and business mobility, the Court doubts that travel for 2–3 American General witnesses would cause much disruption or significant loss of productivity. Plaintiff has made no specific showing. The Milwaukee witness will travel to either site anyway, and the Court expects that most executives are used to and capable of being productive both in and out of the office. Someone here must travel, and it is not appreciably more burdensome for Plaintiff to come here, the forum.

The Court agrees that factors such as American General's commercial connections to the Commonwealth matter, generally, as to the equities. More importantly, however, Plaintiff is the case-initiating party. Whether Plaintiff had a forum choice is unclear, but initiating a declaratory judgment action certainly was a choice. Plaintiff should not be surprised and faces no undue burden in coming here to participate in Rule 30(b)(6) depositions.

The unarticulated medical condition of Ms. Wickes is a complicator, but the Court has two reactions on this provisional record. First, the proffer was too nonspecific and without foundation to be convincing. Second, as the defense noted, Plaintiff may choose to designate Wickes but also could choose to designate and prepare a different spokesperson for particular topics. If Wickes cannot travel, Plaintiff may simply designate a different 30(b)(6) witness.[1]

\* \* \* \* \* \*

1. This Court allows the deposition in this District but does add some suggestions. If Plaintiff persists in designating Wickes, if Wickes truly cannot travel, and if the defense intends to depose Wickes (for personal knowledge) anyway, the parties should negotiate an agreed cost-sharing solution that avoids unnecessary travel and preserves to Defendant the economic benefit of this ruling. The Court again can be involved, if required.

This is a provisional ruling. Any party has leave to file a formal motion regarding the subject matter addressed. If such a motion is filed, the Court will address the continued effect of this Order and set an accelerated briefing schedule. In the absence of a formal motion, this Order resolves the dispute addressed