*Dipietro v. Baxi*, No. 295-3-17 Cncv (Toor, J., Jan. 14, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| THOMAS J. DIPIETRO, JR., et al.,<br>  Plaintiffs<br><br> v.<br><br>BAXI s.P.a. et al,<br>  Defendants | Docket No.295-3-17 Cncv |

RULING ON MOTION TO COMPEL AND FOR SANCTIONS (# 61), MOTION FOR
SANCTIONS (#62) AND MOTION FOR PROTECTIVE ORDER (# 65)

The three motions at issue here all relate to one deposition: that of Michael Thomas, president of Defendant Marathon. A hearing was held on the motions on January 9. This ruling is based upon the filings and counsel's representations at the hearing.

Plaintiff has taken Thomas's deposition as a fact witness, but he has also been disclosed as an expert on issues such as installation of boilers and venting standards in the industry. Thus, a separate deposition was scheduled to question him in his capacity as an expert. Marathon does not dispute Plaintiffs' right to the deposition.

Because Thomas lives (and presumably works) in Canada, the deposition was scheduled to take place in Toronto (two hours from his home). The notice was issued on October 24 for deposition on November 16, and the court presumes that date had already been agreed to even earlier. Ex. 1 to Motion 61. The heading on the notice was, in capital letters "NOTICE OF VIDEO TAPED DEPOSITION." Id. No objection to the deposition was raised until November 14, when counsel for Marathon informed Plaintiffs' counsel by email that there was a Canadian rule barring videotaping without consent or court order, the witness was not consenting, and therefore "you

1

may not videotape his testimony." Plaintiffs' counsel attempted to call and email Marathon's counsel but was unable to reach him. He sent an email stating that he intended to proceed with the videotaping. Some of the many lawyers in this case traveled to Toronto for the deposition (others apparently appeared by phone or video). After lengthy discussions on the issue, Plaintiffs' counsel chose to cancel the deposition and seek relief from the court. The motions thus seek the following relief:

Plaintiffs' Motion (#61): an order (1) compelling Thomas to testify in Burlington at Marathon's cost, and (2) reimbursing Plaintiff for the fees, costs and expenses incurred in preparing for and traveling to Toronto.

Marathon's Motion for Sanctions (# 62): an order that Plaintiff pay Marathon's costs and fees for the trip to Toronto.

Marathon's Motion for Protective Order (# 65): an order barring Plaintiff from requiring Thomas to come to Vermont for his deposition.[1]

### Discussion

The fact that Marathon's counsel did not notify Plaintiffs' counsel of the videotaping issue until two days before the deposition, and then did not make himself available to communicate to resolve the problem in time to delay the deposition, is inexcusable. While the court accepts counsel's representation that he only learned of the issue the day he raised it, it was then incumbent upon him to resolve the matter rather than going incommunicado. If his travel made it impossible to be in direct contact—which is rarely the case when traveling these days, given the ubiquity of cell phones and airplane wifi—he could have and should have delegated the communications to

---

[1] The motion also challenged the date of the noticed deposition (tomorrow) due to counsel's health issues, but Plaintiff understandably has no objection to a delay on that basis.

another lawyer in his firm.[2] Instead, he allowed multiple lawyers to travel to Toronto with the issue unresolved.

Marathon argues that at the deposition its counsel ultimately agreed to allow the videotaping and let the court sort the issue out later, but Plaintiffs' counsel declined that proposal.[3] While it was a reasonable proposal, Plaintiff had no obligation to accept it. He stated his reasonable concerns that it would be a wasted effort if the video was ultimately not allowable, and his desire to do the deposition in the United States where he could be sure of videotaping. He also raised a legitimate concern that the witness might seek some sanction against him for proceeding with videotaping, since Marathon's counsel described the videotaping as "unlawful in Canada" and stated that the witness would reserve all his legal rights. Nov. 16 Transcript at 15-18; *see also* id. at 26-27. Although unstated, it would also be a reasonable concern that if counsel had to do the deposition twice the witness would be coached by the first deposition to prepare for the second.

The court finds that Marathon is at fault here, and should bear Plaintiffs' costs for the November 16 event. The next question is whether the second try at the deposition should occur in Toronto or Burlington.

All counsel agreed at the hearing that regardless of the Canadian rule (Ontario Rule of Civil Procedure 34.19), no one would object if the court ordered videotaping of Thomas's deposition in Canada. However, Plaintiff seeks an order that this time the witness must travel to Burlington rather than all the lawyers traveling to Toronto. Marathon responds that the court has no power to order Thomas to travel here, as he is a non-party to the case and resides out of the country, citing Rule 45 and Bristol-Myers Squibb Co. v. Superior Court of California, 137 S. Ct. 1773 (June 19,

---

[2] The court takes judicial notice of the fact that the firm's website shows no less than 42 lawyers at the firm.

[3] While the court had indicated its availability to address deposition issues that day by phone, unfortunately that availability was not until the afternoon.

2017). Rule 45 applies to third party witnesses, and <u>Bristol-Myers</u> addressed when there is personal jurisdiction over a party, allowing it to be sued in the forum. Neither has anything to do with this issue. Thomas is neither a mere third-party witness nor a party being sued in Vermont. Instead, he is the president of a party. While he has been designated by Marathon as an expert witness, he remains the party's agent. Marathon has cited no authority for the proposition that the court cannot order a party's representative to appear in Vermont for deposition. To the contrary, "[e]xtensive persuasive authority holds that a court may order a foreign defendant's officers, directors, or managing agents to appear for depositions in the United States." <u>In re Petition of Boehringer Ingelheim Pharm., Inc., & Boehringer Ingelheim Int'l GmbH, in Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.</u>, 745 F.3d 216, 222 (7th Cir. 2014)(Hamilton, J., dissenting). The only Vermont authority of which the court is aware is Rule 26, which gives the court great discretion to decide whether justice requires protection of a party from "annoyance, embarrassment, oppression, or undue burden or expense." V.R.C.P. 26(c).

"Usually, a party seeking discovery may set the place where the deposition will take place, subject to the power of the courts to grant a protective order designating a different location." <u>Philadelphia Indem. Ins. Co. v. Fed. Ins. Co.</u>, 215 F.R.D. 492, 495 (E.D. Pa. 2003). However, "the deposition of a corporate officer or employee should usually take place at the corporation's principal place of business or, as other courts have held, at his place of business or employment." <u>Id</u>.; *see also* <u>Chris-Craft Indus. Prod., Inc. v. Kuraray Co.</u>, 184 F.R.D. 605, 607 (N.D. Ill. 1999) ("The general rule is that the deposition of a corporation by its agents and officers should be taken at the corporation's principal place of business."). Nonetheless, unusual circumstances can justify such inconvenience to the business. <u>Chris-Craft</u>, 184 F.R.D. at 607; *see also* <u>Turner v. Prudential Ins. Co. of Am.</u>, 119 F.R.D. 381, 383 (M.D.N.C. 1988) ("Although there is an initial presumption

4

that a defendant should be examined at his residence or the principal place of business, a number of factors serve to dissipate the presumption and may persuade the Court to require the deposition to be conducted in the forum district or some other place. Ultimately, the Court must consider each case on its own facts and the equities of the particular situation.").

While the court might have been persuaded by Marathon's position had the issue arisen prior to the November 16 debacle,[4] the court concludes that the equities now favor Plaintiffs. The court lays the responsibility for the do-over at Marathon's feet, and it will therefore assign Marathon the burden for that do-over. In any case, "the Court expects that most executives are used to and capable of being productive both in and out of the office." Am. Gen. Life Ins. Co. v. Harshman, 299 F.R.D. 157, 158 (E.D. Ky. 2014).

Even if Thomas were a non-party expert witness, the court would reach the same result. While the court would have no power to order the non-party to cross the border into Vermont for deposition, it would retain the power to order Marathon to produce its expert in Vermont or have his testimony preluded at trial. *See, e.g.*, Leverton v. Kent, 536 So. 2d 41, 44-45 (Ala. 1988).

Order

Plaintiffs' motion to compel and for sanctions (# 61) is granted. Marathon is ordered to pay Plaintiffs within thirty days their costs for the November 16 deposition (including any travel costs, hotel bills, and videotaping costs), as well as their attorney's fees for time preparing for the deposition. Marathon's motions for sanctions (# 62) and a protective order (# 65) are denied.

---

[4] On the other hand, the fact that a Toronto deposition requires multiple lawyers to travel from various locations to the witness might have outweighed the convenience to the witness. *See, e.g.*, Am. L. Prod. Liab. 3d § 69:88(WL Nov. 2018 update) ("If counsel for both the plaintiff and the defendant work in the same geographical location, and the expert lives elsewhere, it is usually agreeable to the lawyers to ask the witness to appear for deposition at the office of plaintiff's counsel.").

Marathon is ordered to produce Mr. Thomas for a videotaped deposition in Burlington at Marathon's cost.

Dated at Burlington this     day of January, 2019.

_____
Helen M. Toor
Superior Court Judge